In the Matter of MOUNT HOPE DEVELOPMENT CORPORA-
TION, Appellant, against DARWIN R. JAMES et al., as
Members of the State Board of Housing of the State
of New York, Respondents.
ACADEMY HOUSING CORPORATION, Respondent.

(Argued February 9, 1932; decided March 3, 1932.)

*Harold R. Medina, Gerard M. Bloomfield* and *Rufus C.
Van Akin* for appellant. The determination and findings
of the State Board of Housing with respect to sites and
projects are subject to review by certiorari. (*People
ex rel. Dawley* v. *Wilson*, 232 N. Y. 12; *People ex rel.
Depew R. Co.* v. *Commissioners*, 4 App. Div. 259; *People
ex rel. N. Y. C. & H. R. R. R. Co.* v. *Public Service Comm.*,
195 N. Y. 157; *People ex rel. Steward* v. *Board of Railroad
Commissioners*, 160 N. Y. 202; *People ex rel. Harris* v.
*Commissioners*, 149 N. Y. 26; *Matter of Application of*

*Syracuse, Binghamton & New York R. R. Co.* v. *Van Amburgh,* 223 App. Div. 485; 251 N. Y. 548.)

*John J. Bennett, Jr., Attorney-General (Walter H. Pollak, Carl S. Stern* and *Henry Epstein* of counsel), for Darwin R. James et al., as members of the State Board of Housing, respondents. The action of the State Housing Board in approving the project was discretionary and administrative and is not reviewable by certiorari. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of L. I. R. R. Co.* v. *Hylan,* 240 N. Y. 199; *People ex rel. North* v. *Featherstonhaugh,* 172 N. Y. 112; *Matter of Standard Bitulithic Co.,* 161 App. Div. 191; 212 N. Y. 179; *Matter of Kersburg,* 101 Misc. Rep. 241; 179 App. Div. 969; *People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1; *People ex rel. Mayor* v. *McCarthy,* 102 N. Y. 630; *Santa Clara Lumber Co.* v. *Commissioners of Land Office,* 209 App. Div. 705; *Mayor & City Council of Baltimore* v. *Williams,* 129 Md. 290; *Hanifen* v. *Armitage,* 117 Fed. Rep. 845; *People ex rel. O'Connor* v. *Board of Supervisors,* 153 N. Y. 370; *People ex rel. Republican Journal Co.* v. *Wiggins,* 199 N. Y. 382; *People ex rel. Utica Sunday Tribune Co.* v. *Williams,* 200 N. Y. 425.)

*Bernard Trencher* for Academy Housing Corporation, respondent. The approval by the State Housing Board, being an administrative, not a judicial act, is not subject to review by certiorari. (*People ex rel. Trustees* v. *Board of Supervisors,* 131 N. Y. 468; *Matter of L. I. R. R. Co.* v. *Hylan,* 240 N. Y. 199; *People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1; *People* v. *Hugo,* 101 Misc. Rep. 481; 182 App. Div. 904; 223 N. Y. 714; *Santa Clara Lumber Co.* v. *Commissioners of Land Office,* 209 App. Div. 705; *People ex rel. McNulty* v. *Maxwell,* 123 App. Div. 591; *People ex rel. Shaw* v. *Williams,* 185 N. Y. 92; *Matter of Standard Bitulithic Co.,* 212 N. Y. 179; *People ex rel. Mayor* v. *McCarthy,* 102 N. Y. 631; *Matter of Kersburg,* 101 Misc. Rep. 241; 179 App. Div. 969.)

*Per Curiam.* We think that the State Board of Housing, in approving the projects of the Academy Housing Corporation for the construction of housing accommodations, in giving its approval to the sites selected as being adjacent to congested areas, in which housing conditions should be corrected and improved, in approving of the plans and specifications submitted, as designed to provide accommodations which might be rented for the monthly rental charge of eleven dollars or less, and in otherwise giving to the project the sanctions required by the State Housing Law, acted in an administrative capacity, rather than a judicial, and, therefore, that a review of certiorari, at the instance of the petitioner, should not be had.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not voting.

Order affirmed.