THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BROOKLYN GARDEN APARTMENTS, INC., Respondent.

Argued May 27, 1940; decided July 24, 1940.

*John J. Bennett, Jr., Attorney-General (Harold I. Cammer and Ira S. Robbins of counsel), for appellant.* The Appellate Division erred in disregarding the legislative distinction between the charge here involved and the taxes and fees mentioned in section 39 of the State Housing Law (L. 1926, ch. 823) and in holding that the charge was within the purview of that section. Defendant's second defense is insufficient. (*People ex rel. New York Electric Lines* v. *Squire,* 107 N. Y. 593; 145 U. S. 175; *Morgan's Steamship Co.* v. *Board of Health,* 118 U. S. 455; *Nicchia* v. *People,* 254 U. S. 228; *Mars Realty Corp.* v. *Sexton,* 141 Misc. Rep. 622; *New York City Housing Authority* v. *Muller,* 270 N. Y. 333; *Texas Co.* v. *Brown,* 258 U. S. 466; *Pure Oil Co.* v. *Minnesota,* 248 U. S. 158.) The charge is not a fee because it is not made for services rendered to defendant at its request but is imposed for services rendered distinctly for and in the interest of the public. (*Messenger* v. *Board of Commissioners,* 17 Wyo. 309; *People ex rel. N. Y. Electric Lines Co.* v. *Squire,* 107 N. Y. 593; 145 U. S. 175; *Morgan's Steamship Co.* v. *Board of Health,* 118 U. S. 455; *Mayor* v. *Williams,* 61 Fed. Rep. [2d] 374; *New York Rapid Transit Corp.* v. *City of New York,* 303 U. S. 573.) The imposition of the charge represents an exercise of the police power and not of the taxing power of the State. (*Edye* v. *Robertson,* 112 U. S. 580; *Charlotte Railroad* v. *Gibbs,* 142 U. S. 386; *People ex rel. New York Electric Lines Co.* v. *Squire,* 145 U. S. 175; *First State Bank* v. *Kendall,* 107 Ore. 1; *Vanhorn* v. *People,* 46 Mich. 183; *Holst* v. *Roe,* 39 Ohio St. 340; *Milwaukee Fire Dept.* v.

*Helfenstein,* 16 Wis. 136.) The Appellate Division erred in holding that the statute as amended would be given a retroactive effect if applicable to the projects of the defendant. Defendant's first defense is insufficient. (*People ex rel. N. Y. Electric Lines Co.* v. *Squire,* 107 N. Y. 593; 145 U. S. 173.) The charge does not represent an impairment of the obligation of contracts since defendant never received an exemption from the charge. (*People* v. *Richards,* 108 N. Y. 137; *Wakefield* v. *Fargo,* 90 N. Y. 213; *McGaffin* v. *Cohoes,* 74 N. Y. 387; *Coffin* v. *Reynolds,* 37 N. Y. 640; *Aikin* v. *Wasson,* 24 N. Y. 482; *People ex rel. Mills* v. *Tax Commissioners,* 23 N. Y. 242; *Matter of Engel,* 155 App. Div. 467; *Illinois Central R. R. Co.* v. *City of Decatur,* 147 U. S. 190; *Hale* v. *State Board of Assessment,* 302 U. S. 95; *Davis* v. *Supreme Lodge,* 165 N. Y. 159.) The charge is not within the purview of section 6 of article I of the State Constitution because it is not a tax and does not require notice and an opportunity to be heard. Defendant's third defense is insufficient. (*People ex rel. New York Electric Lines Co.* v. *Squire,* 107 N. Y. 593; 145 U. S. 175; *Bronx Gas & Electric Co.* v. *Maltbie,* 268 N. Y. 278; *First State Bank* v. *Kendall Lumber Co.,* 107 Ore. 1; *Great Northern Ry. Co.* v. *Washington,* 300 U. S. 154; *Inter-Island Steam Navigation Co.* v. *Hawaii,* 83 L. Ed. 198.) Defendant's fourth defense is insufficient. The amendment does not constitute a delegation of legislative power. (*St. Louis Consolidated Coal Co.* v. *Illinois,* 185 U. S. 203; *People* v. *Kaye,* 160 App. Div. 644; 212 N. Y. 407; *Bellows* v. *Raynor,* 145 App. Div. 899; 207 N. Y. 389; *People ex rel. Lieberman* v. *Vandecarr,* 81 App. Div. 128; 175 N. Y. 440; *People ex rel. C. P., N. & E. R. R. R. Co.* v. *Willcox,* 194 N. Y. 383; *Village of Saratoga Springs & Saratoga Gas Co.,* 191 N. Y. 123; *Townsend* v. *New York,* 16 Hun, 362; 77 N. Y. 542; *People ex rel. New York Electric Lines Co.* v. *Squire,* 107 N. Y. 593; 145 U. S. 175; *People* v. *Harper,* 91 Ill. 357.)

*Chauncey Belknap* and *Frank M. Darnall* for respondent. The payment claimed is a tax or fee within the meaning

of the tax exemption provisions of the Housing Law. (*Great Northern Ry. Co.* v. *Washington,* 300 U. S. 154; *Foote & Co.* v. *Stanley,* 232 U. S. 494; *Inter-Island Steam Navigation Co.* v. *Hawaii,* 305 U. S. 306; *Washington Ry. & Electric Co.* v. *District of Columbia,* 77 Fed. Rep. [2d] 366; *Walla Walla City* v. *Walla Walla Water Co.,* 172 U. S. 1; *New Orleans Gas Light Co.* v. *Louisiana Light Co.,* 115 U. S. 650.) The amendment of 1933 (L. 1933, ch. 802) should be interpreted as not applicable to housing projects completed prior to the adoption of the amendment. (*Jacobus* v. *Colgate,* 217 N. Y. 235; *People* v. *Dilliard,* 252 App. Div. 125; *People ex rel. Griffith, Inc.,* v. *Loughman,* 249 N. Y. 369; *Lewellyn* v. *Frick,* 268 U. S. 238; *Paterno Investing Corp.* v. *Katz,* 112 Misc. Rep. 242; 193 App. Div. 897; *Shwab* v. *Doyle,* 258 U. S. 529; *Hassett* v. *Welch,* 303 U. S. 303.) If the amendment of 1933 is interpreted as applicable to the completed projects of existing corporations, it violates section 10 of article I of the Federal Constitution providing that no State shall pass any law impairing the obligation of contracts. (*People ex rel. Troy Union R. R. Co.* v. *Mealey,* 224 N. Y. 187; 254 U. S. 47.) The amendment of 1933 violates the Fourteenth Amendment of the Federal Constitution and section 6 of article I of the State Constitution in that it provides no opportunity for limited dividend housing companies to be heard as to the amount of the liability imposed upon them. (*Stuart* v. *Palmer,* 74 N. Y. 183; *Matter of Trustees of Union College,* 129 N. Y. 308; *McLaughlin* v. *Miller,* 124 N. Y. 510; *Remsen* v. *Wheeler,* 105 N. Y. 573; *Bronx Gas & Electric Co.* v. *Maltbie,* 268 N. Y. 278; *Matter of Kings County Lighting Co.* v. *Maltbie,* 244 App. Div. 475; *First State Bank* v. *Kendall Lumber Co.,* 107 Ore. 1.) The amendment of 1933 involves an unconstitutional delegation of legislative and taxing power to the State Board of Housing. (*Darweger* v. *Staats,* 267 N. Y. 290; *Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *People ex rel. Hopkins* v. *Board of Supervisors of Kings County,* 52 N. Y. 556; *Ploner* v. *Standard Oil Co.,* 284 Fed. Rep. 34; *State* v. *Northwestern*

*Electric Co.*, 183 Wash.ˉ184.) The amendment of 1933 fails to comply with the provisions of section 24 of article III of the State Constitution requiring that every law which imposes a tax shall distinctly state the tax. (*People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51; *Matter of Clark* v. *Sheldon*, 106 N. Y. 104; *People ex rel. Hopkins* v. *Board of Supervisors*, 52 N. Y. 556.)

*Robert Szold* and *Jess G. Schiffman* for Amalgamated Housing Corporation et al., *amicus curiæ*. The State Housing Law neither imposed nor authorized the charge sought to be collected. (*City of New York* v. *McLean*, 170 N. Y. 374; *Howitt* v. *Street & Smith Publications*, 276 N. Y. 345; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *People ex rel. Provident Sav. Life Assur. Society* v. *Miller*, 180 N. Y. 525; *People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51; *People ex rel. Fifth Ave. Bldg. Co.* v. *Williams*, 198 N. Y. 238.)

SEARS, J. In 1926, when the Legislature enacted the State Housing Law (Laws of 1926, ch. 823; since repealed L. 1939, ch. 808, now covered by Public Housing Law [Cons. Laws, ch. 44-a]), it declared the purpose of the act in its title to be " To promote the public health and safety by providing for the elimination of unsanitary and dangerous housing conditions, to relieve congested areas, and the construction and supervision of dwellings and for the letting of apartments at reasonable rentals." Within the declared purpose, the law authorized the organization of limited dividend companies to construct and maintain low cost housing projects. To encourage the formation of such companies and the investment of funds therein, special privileges were granted to such companies including the following: " Any public limited dividend housing company formed hereunder shall be exempt from the payment of any and all franchise, organization, income, mortgage recording and other taxes to the state and all fees to the state or its officers." (State Housing Law, § 39.) Private limited dividend housing companies were granted a similar

exemption. (State Housing Law, § 51.) Provision was made in the act for a State Board of Housing upon which was imposed the obligation of supervising the construction and maintenance of housing projects by limited dividend companies, and the control of rentals and the auditing of their accounts. Until 1934, the expenses of the Board in performing these duties were not imposed upon the companies but were borne by the State. In 1933 (L. 1933, ch. 802) the Legislature amended section 16 of the State Housing Law relating to the accounting feature of housing companies by providing that among the expenses of construction and operation of such companies there should be included such an amount as the Board might fix to reimburse it in whole or in part for its expenses of inspection, supervision and auditing, and the companies were directed to pay such amount to the Department of State. The amending statute also provided that the amount so paid should be included as a factor in determining the maximum amount of rentals. The purpose of this last provision was to enable the companies to shift the burden of these payments to their tenants. Acting upon the provisions of this amendment the State Board of Housing, by resolution, fixed the charge for the expenses required to be paid by each limited dividend housing company for the year beginning July 1, 1934, at one-twentieth of one per cent of the original cost of each completed project.

Defendant is a private limited dividend company organized in 1928. The amount payable by the defendant as fixed by the Board for the Board's services for the year beginning July 1, 1934, was $622.87. To recover this sum the State brought this action. The defendant's answer consisted of four separate affirmative defenses, which, in substance, alleged the inapplicability of the amendment of the State Housing Law enacted in 1933 to the defendant and alleged, if otherwise applicable, the invalidity of the amendment on three different constitutional grounds. The sufficiency of each of these defenses is before us upon this appeal.

Defendant contends that the statute is not applicable to it because it was organized and had completed its buildings prior to 1933 when the statute was enacted. The law itself makes no such distinction. It relates to all limited dividend housing companies whenever organized. It merely amends provisions already applicable to the defendant by adding, for the future, a new item to its expenses. (Cf. *People ex rel. New York Electric Lines Co.* v. *Squire*, 107 N. Y. 593; affd., 145 U. S. 175.)

Passing then to the validity as distinguished from the applicability of the amendment, we reach the contentions of the defendant that the statute impairs the obligation of a contract, deprives the defendant of property without due process of law and illegally delegates legislative powers.

The defendant claims that the exemption from the payment of certain taxes and fees is violated by the amendment. Exemptions from taxation which have induced action in reliance thereon, as the defendant may well contend that the exemption here has done, may not be invalidated by subsequent legislation. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Mealey*, 224 N. Y. 187; affd., 254 U. S. 47.) Tax exemptions, however, are limitations of sovereignty and are strictly construed. (*Hale* v. *State Board of Assessment*, 302 U. S. 95; *Perry Co.* v. *City of Norfolk*, 220 U. S. 472.) If ambiguity or uncertainty occurs, all doubt must be resolved against the exemption. (*People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245.) The exemption upon which defendant relies is not a general exemption from all exactions on the part of the State but only from certain types of taxes and fees; franchise, organization, income, mortgage recording, are the types specifically mentioned, and then follows, " and other taxes to the state and all fees to the state or its officers." The payment here required to be made by the defendant must fall, if within the statute at all, within the general exemption. It is to be noted that the sum is payable to the Department of State for a specific purpose. It does not naturally fall within the content of the word " tax." A tax in the strict sense is payable into

the general fund of the government to defray customary governmental expenditures. (*Morgan's SS. Co.* v. *Louisiana Board of Health*, 118 U. S. 455; *United States* v. *Butler*, 297 U. S. 1, 61.) The word " fee " is of more doubtful meaning. It is scarcely a word of art and must be interpreted as it is commonly understood. We are familiar with recording fees, with filing fees, with fees in judicial proceedings, such as " term fees," " trial fees," " jury fees." These are all of general application. Here the exaction does not occur in the ordinary course of relations between the government and its citizens. It is particularized in application; it is not general. We are wholly unfamiliar with such a payment being designated as a fee. It is to be noted that the payment for which provision is made in the amendment is called in the law neither a tax nor a fee, but a charge. A similar use of terms occurs in the Public Service Law in relation to the requirement for. payment of the expenses of the Public Service Commission. (Public Service Law [Cons. Laws, ch. 48], §§ 18 and 18-a. Cf. Banking Law [Cons. Laws, ch. 2], § 17; Insurance Law [Cons. Laws, ch. 28], § 32.) We recognize that in the discussion of governmental exactions imposed in other statutes the words " tax " and " fee " and " charge " are sometimes indiscriminately used. (*Great Northern Ry. Co.* v. *Washington*, 300 U. S. 154; *Foote & Co.* v. *Stanley*, 232 U. S. 494, 504.) Taking into consideration the kind of taxes which the statute specifies as indicating the kind of exactions from which the housing companies are to be exempt, we cannot say that the exemption in question is definite enough and sufficiently free from ambiguity to give protection against this direction for the payment of the Board's expenses. As the exemption is not to be construed as excluding the requirement for this payment, the constitutional guaranty is not infringed.

The argument of the defendant that the amendment is invalid as a violation of the due process clause is based on the circumstance that no provision is made in the statute for a hearing in respect to the distribution of the Board's expense and the amount to be allocated to any particular company.

This argument was before the Supreme Court of the United States in *People ex rel. New York Electric Lines Co.* v. *Squire* (*supra*), where a public service corporation was required to pay a part of the expenses of a State Board for supervision and the claim of invalidity on the ground mentioned was rejected.

The last contention of the defendant is that the amendment is invalid as an illegal delegation of taxing power. The requirement for payment is not imposed by the State Board, but by the Legislature itself. The only power that is delegated is the power to allocate particular expense. This is a delegation clearly permissible. (*Matter of Village of Saratoga Springs* v. *Saratoga Gas, Electric Light & Power Co.*, 191 N. Y. 123; *Matter of Mt. Hope Development Corp.* v. *James*, 258 N. Y. 510.)

For these reasons we conclude that none of the defenses is sufficient in law, and that the order of the Appellate Division should be reversed, and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division, and that each of the certified questions be answered in the negative.

LOUGHRAN, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., FINCH and RIPPEY, JJ., dissent.

Ordered accordingly.