In the Matter of BETTY J. BISHARA, an Infant.

Surrogate's Court, Broome County, November 26, 1948.

*Darwin R. Wales* for Spiro Bishara, as guardian of Betty J. Bishara, an infant, petitioner.

*Frederick J. Meagher,* special guardian for Betty J. Bishara, an infant, respondent.

PAGE, S. The present proceeding has been instituted for the purpose of disposition by sale of a twenty-fourth undivided interest of the above-named infant in certain real property, consisting of a city lot on which there is a single-family house known and designated as No. 1 Highland Avenue, Binghamton, New York. The petitioner herein is the general guardian of the person and property of the infant whose undivided interest in real property is sought to be incorporated in a sale to be other-

wise consummated by a deed to be executed by all other co-tenants in common.

The proceeding is brought pursuant to provisions of chapter 351 of the Laws of 1948, integrated in the Surrogate's Court Act as section 194-b. The total fair market value of the premises in question in the sum of $10,000 has been sufficiently established and I am also satisfied that it is clearly in the best interest of the infant that the property be sold at a price in accordance with the property's fair market value, and the learned special guardian has also indicated his agreement with this conclusion.

The petitioner guardian has offered in evidence a land contract, insofar as adult vendors are concerned, for the sale of the property in question at said above-mentioned sum. This land contract, of course, is conditioned upon including the infant's interest. The infant has no other property and no income is being derived from the real property, the subject of this proceeding.

The present proceeding under section 194-b of the Surrogate's Court Act, as is true of article 13 of the Surrogate's Court Act, is designed to save the expense and delay incident to a partition action. (See *Matter of Kelly,* 144 Misc. 330, 332–333.) The section accomplishes the disposition of real property without the necessity of resorting to the more cumbersome and expensive partition action. It widens the scope of the jurisdiction of Surrogates' Courts, thereby expediting sales or other dispositions of real property belonging to a decedent's estate in process of administration in the absence of a will containing a power of sale of real property.

A question has arisen as to the form of order to be made in a proceeding of the present species. The section provides: " On the return of the citation the surrogate shall take such proof as he deems necessary or advisable, and shall make such *order* as justice and the best interests of the infant require." (Italics supplied.) Does this require that the proceeding must be directed and controlled by one and only one order? In analogous proceedings pursuant to the provisions of article 13 of the Surrogate's Court Act (§§ 232–250), the practice is to have a series of at least two to three orders, exclusive of a preliminary order for issuance and service of citation, including an order authorizing sale, order confirming land contract (where such contract is made pursuant to a previous order) and directing conveyance. Also, some practitioners, although there is no express provision so requiring in article 13, obtain a final order of confirmation of the conveyance in the same manner as

after judicial sales and conveyances in real property actions such as foreclosures, partitions, etc. Since title to real property is involved, it would seem that this is a commendable practice to be pursued, even though it does not appear to be expressly required.

The present proceeding is so closely analogous to proceedings under article 13 that it would seem the Legislature should have provided for essentially the same procedure in relation to orders implementing sales and conveyances contemplated by the statute. As a matter of statutory construction, all statutes are to be construed and applied in a manner most practicable for the purpose of accomplishing the objective of the statute. Accordingly, a preliminary order similar to the first order after hearing in a proceeding under article 13 is appropriate to and not impliedly prohibited in the present situation. This may be followed by a later order or orders the same as if the proceeding were for the sale or other disposition of real property belonging to a decedent's estate, and, if desired, a final order of confirmation after delivery of the deed.

Another question presented is as to whether the present order should expressly provide for the observance of any specific direction in relation to treatment of the proceeds as directed by section 1399 of the Civil Practice Act.

Section 1399 of the Civil Practice Act provides: '' A sale of real property, or of an interest in real property other than a possibility of reverter, of an infant or incompetent person, made as prescribed in this article, does not give to the infant or incompetent person any other or greater interest in the proceeds of the sale than he or she had in the property or interest sold. Those proceeds are deemed property of the same nature as the estate or interest sold until the infant arrives at full age or the incompetency is removed. The proceeds of the release of a possibility of reverter shall be deemed and treated as if they were proceeds of real property of which the infant was seized and possessed.''

Section 316 of the Surrogate's Court Act provides: '' Except where a contrary intent is expressed in, or plainly implied from the context of this act, a provision of law or of rules, applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form.''

There does not appear to be any '' contrary intent '' expressed in or plainly implied from the context of section 194-b of the

Surrogate's Court Act, authorizing the present proceeding. Since the provision of section 1399 of the Civil Practice Act has been legislatively established as being in the interests of infants in cases involving sales of their real property interests pursuant to article 82 of the Civil Practice Act, the provisions of this section should also be deemed applicable to the sale of the infant's real property involved herein. We are free to make this application by virtue of the above-quoted provision of section 316 of the Surrogate's Court Act. Therefore, the order herein should give effect to the provisions of section 1399 of the Civil Practice Act.

It would seem that legislative consideration should be given to a repeal of section 194-b of the Surrogate's Court Act as a procedure isolated from article 13 of the Surrogate's Court Act, and a re-enactment thereof integrated with the separate article of the Surrogate's Court Act designed to provide for dispositions of real property.

A reading of this new section seems to indicate that, in addition to aligning it with provisions of article 13 of the Surrogate's Court Act, it could be slightly amended in respects otherwise than those to which above reference has been made, e.g., speaking of an '' infant being of full age '' is rather inept language.

It is far from having yet become in the category of statutes of long standing, courts' constructions of which have become well settled. From this standpoint, the statute with which we are primarily here concerned (Surrogate's Ct. Act, § 194-b) could, and it would seem, should be legislatively improved, in the interest of clarity. Such general amendment of the section could be enacted without any danger of undesirable changes in well-settled case law in relation to statutory constructions.

Settle order or orders on notice accordingly, providing for sale of infant's interest in the real property involved herein.