In the Matter of ELIZABETH HANSON, Petitioner, against CHARLES H. GRIFFITHS, as Surrogate of Westchester County, et al., Respondents.

Supreme Court, Special Term, Westchester County, August 24, 1953.

*Albert C. Jordan* for petitioner.

*Harry G. Herman, County Attorney* (*George S. Donaldson* of counsel), for respondents.

EAGER, J. This special proceeding under article 78 of the Civil Practice Act challenges the legal right and duty of the Clerk of the Surrogate's Court of Westchester County to exact a fee of $20 under subdivision 9 of section 29-a of the Surrogate's Court Act in connection with the filing with him of a petition initiating an estate tax proceeding. The return and schedules under oath filed in the proceeding with the estate tax appraiser, pursuant to section 249-v of the Tax Law, listed items of a value of $20,276.05 at the death of the decedent, of which $11,800.21 was insurance on the life of the deceased payable by the terms of the policy directly to his widow, and $8,475.84 were assets which the decedent and his wife had held by a joint title, the survivor to take the whole. The widow here insists that the life insurance is no part of the " estate " upon which the amount of the filing fee is based pursuant to the

provisions of said subdivision 9 of section 29-a of the Surrogate's Court Act, and the respondents assert that it is. The relevant provisions of said section 29-a and subdivision 9 thereof are as follows: " § 29-a. In lieu of the charges provided in section twenty-nine of this act the clerk of the surrogate's court of each of the counties of Bronx, Kings, New York, Queens, Richmond and Westchester shall charge and receive for the use of his respective county, the following fees:

9. For filing a petition whereby any proceeding is commenced, * * * one dollar, but where the gross value of the estate exceeds one thousand dollars but does not exceed five thousand dollars, three dollars; where the estate exceeds five thousand dollars, but does not exceed ten thousand dollars, five dollars; where the estate exceeds ten thousand dollars but does not exceed twenty thousand dollars, ten dollars; where the estate exceeds twenty thousand dollars, twenty dollars."

The petition filed with the clerk initiating the proceeding, to wit, a petition for the appointment of an appraiser, stated that the approximate gross estate of the decedent was $19,000, and upon filing it, the widow delivered to the Clerk of the Westchester County Surrogate's Court the sum of $10. Although the clerk then accepted it without a demand for further fees, he now refuses to file, enter or record in his office the determination of the Surrogate, made pursuant to section 249-w of the Tax Law, until an additional $10 fee is paid. This proceeding seeks an order in the nature of mandamus to compel him and the Surrogate to file, enter and record that determination without further fee and to refund $5 of the fee paid.

The question before the court is what did the Legislature intend by the use of the term " gross value of the estate " in the particular statute. After the use of such term, the single word " estate " is merely used in the same connection in subsequent phrases in the same sentence, but there can be no doubt but that in each instance that this single word is used the Legislature had in mind the " gross value of the estate ", and the court so holds. So the question is, was the Clerk of the Surrogate's Court correct in holding that the life insurance proceeds payable to a specific beneficiary were, for fee-fixing purposes, part of such gross value.

The widow here argues that the fees prescribed by the statute are in the nature of taxes, that there is a serious doubt about the construction of the section and that, therefore, a construction favorable to the taxpayer should, under the familiar rule, be made. She cites no New York authority, however, to estab-

lish that these particular fees are taxes and not in the nature of charges for services. A research does disclose that graduated fees of this kind have been held a tax by the weight of precedent in foreign States (see cases in annotation 108 A.L.R. 518). There is no New York decision directly passing upon the particular question. A general distinction between taxes and fees is, however, recognized in this State. (See *People* v. *Brooklyn Garden Apts.*, 283 N. Y. 373, 380, 381; *Fox* v. *Kern*, 12 N. Y. S. 2d 561.) Generally speaking, taxes are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, while, on the other hand, charges are sustainable as fees where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. This is the general distinction between the two. The Legislature undoubtedly had the distinction in mind in expressly designating the particular charges as " fees ", and the intent of the Legislature thereby indicated is, of course, to be followed by the courts if not at variance with the legal effect of the provisions of the statute. The court has arrived at the conclusion that there is no such variance and that the particular charges are to be held and sustainable as fees. The statute reflects an attempt to reimburse the county, at least in part, for the services rendered in the particular proceeding in relation to which a petition is filed. Obviously, this could never be done with nicety and the result of the legislative effort is, however, at least a rough approximation of its intent. The language of the United States Supreme Court, quoted with approval in *Franklin Soc. for Home Bldg. & Sav.* v. *Bennett* (282 N. Y. 79, 85), " ' The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific ' ", is here apposite.

In any event, the statute in question and term " estate " as used therein, is to be given a practical and reasonable construction. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 128, 143 and cases cited.) Statutes are to be construed and applied in a manner most practical for the purpose of accomplishing the objective of the statute. (See *Matter of Bishara*, 193 Misc. 431.) The rule calling for practical construction is also followed in determining the effect of a taxing statute. (See *Matter of Mendoza Fur Dyeing Works* v. *Taylor*, 272 N. Y. 275, 281.)

Viewing the statute in a reasonable and practical manner, it is clear that the term " estate " should be given a broad and unlimited meaning so as to embrace the total property interests of every kind and nature in relation to which a particular petition seeks some relief or determination. To hold, as this widow claims in this case, would tend to limit the meaning of the term in the case of all proceedings to the sense of the property of the decedent passing by will and by intestacy irrespective of the subject matter of a particular proceeding. Such a definition of the term would be unreasonable and impracticable, and could very well tend to confusion in the application of the statute in specific cases. This, because such definition would, on occasions, depending upon the nature of the proceeding, require the clerk to inquire into and pass upon matters collateral to the particular proceeding in order to fix the fee, namely, with respect to the nature and extent of the decedent's property interests which were bequeathed, devised, descending and distributable.

The filing fee in question, as already noted, was demanded in connection with the filing of a petition commencing an estate tax proceeding. Therefore, the " estate " in relation to which the particular petition was filed, was the estate or property interests embraced within such a proceeding. The provisions of the Tax Law declare what is so embraced, and, by virtue thereof, the " gross value of the estate " included the life insurance proceeds in question. Notwithstanding the proceeds were of such a limited amount as to be exempt from estate tax (see Tax Law, § 249-q), they were required to be returned by the schedules of the widow and considered by the appraiser in determining what was the value of the gross estate of the decedent for tax purposes. (See Tax Law, § 249-r, subd. 9: Internal Revenue Code, U. S. Code, tit. 26, § 811 subd. [g].) Therefore, such proceeds were rightfully included by the Clerk of the Surrogate's Court as part of the " estate " which was the subject of the proceeding and he rightfully took into consideration the amount thereof in fixing the fee payable.

The prayer of the petitioner must be denied but without costs. Submit order on notice.