Michael Catalano, J.
Petitioner moves, pursuant to article 78 of the Civil Practice Act, for a final order “ reversing ” the respondent’s determination, “directing” the respondent to redetermine the liability of the petitioner for certain taxes heretofore paid and “ refund ” taxes illegally collected with interest, ‘ directing ’ ’ the respondent to amend his tax roll respecting the petitioner’s liability for such tax, and granting the petitioner a hearing of any triable issues.
The petition states that the petitioner is located in the City of Buffalo, County of Erie, New York; that the respondent is the Comptroller of said city, where he made a certain ‘ ‘ determination”; that this proceeding arises under (1) chapter 278 of the Laws of 1947, as amended (referred to as the “ Enabling Act ”), authorizing certain cities to adopt local laws, ordinances or resolutions imposing consumer’s utility taxes (2) Local Law No. 2 (1954), Local Law No. 1 (1955) and Local Law No. 3 (1956) all of said city (called “Local Law”), imposing a consumer’s utility tax, to be enforced by the respondent who *587 may adopt rules and regulations to carry out such Local Law, and (3) certain consumer’s utility tax regulations adopted by the respondent' (called “Regulations”); that as of July 23, 1956, the petitioner applied to the respondent for a refund of consumer’s utility taxes paid under protest for the period from July 1,1954 through May 18,1956 amounting to $22,312.20, with interest; that after some delay, as of November 27, 1957, the petitioner demanded a determination of its application for refund; that as of April 1, 1958, the respondent denied the application; that the Enabling Act limits consumer’s utility taxes to charges for ‘ ‘ the consumption or use of * * * gas, electricity, water * * * for domestic or commercial use ” (emphasis supplied); that the determination is illegal in that it imposes the consumer’s utility tax on use by the petitioner of gas, electricity and water for manufacturing and industrial use; that the Local Law and Regulations are invalid accordingly; that the petitioner is engaged in “industrial activity” consisting of “ the manufacture of chemicals and dyestuffs ” at Buffalo, New York, and the refund involves the petitioner’s “ use of electricity, water and gas in such manufacturing and industrial activity.”
The respondent’s answer denies that the tax was illegal and that the tax was imposed entirely for the use of electricity, water and gas in manufacturing and industrial activity; admits that the determination of the respondent was a denial of the application for refund without specific findings of fact or conclusions of law.
The parties stipulated, for this proceeding only, that of the $22,312.20 paid by the petitioner to the City of Buffalo as consumer’s utility taxes for the period July 1, 1954 through May 18, 1956, $22,104.08 was paid with respect to “ industrial activity ” and $208.12 was paid with respect to the “warehousing of finished products.”
The Enabling Act, as it applies to the City of Buffalo (L. 1947, ch. 278, as amd. by L. 1948, ch. 651) provides, in part: “ (c) Taxes at rates not in excess of three per cent of the charge therefor, on the consumption or use of any or all of the following: gas, electricity, water when delivered through mains or pipes, refrigeration, steam, or gas, electric, water, refrigeration or steam service of whatsoever nature for domestic or commercial use, or telephony or telegraphy or telephone or telegraph service of whatsoever nature.”
The Local Law (“ City of Buffalo Consumer’s Utility Tax Law,” Local Law No. 2 [1954] and Local Law No. 3 [1956]; Buffalo City Charter, § 548, subd. 2, par. [a]) provides, in part: *588 “ there shall be paid by the purchaser and collected by the vendor a tax * * * for the consumption or use within this city of any or all of the following: gas, electricity, refrigeration, steam, or gas, electric, refrigeration or steam service of whatsoever nature for domestic or commercial use; and * * * for the consumption or use within, this city of water when delivered through mains or pipes, telephony or telegraphy or water, telephone or telegraph service of whatever nature, except: [five exceptions follow, none of which is relevant here].”
The regulation (Local Regulation 9, issued by the respondent, pursuant to the Enabling Act and Local Law above stated) provides, in part: ‘ The tax is payable on the consumption or use of the utilities set forth in the Local Law, by all persons except those expressly exempted therein. Accordingly the tax is payable by all persons consuming or using such utilities or services .in all businesses, trades, professions, industries, manufactories, mercantile establishments, commercial enterprises, households, dormitories, living quarters, etc. whether for profit or otherwise. The enumeration of the foregoing is not intended as a limitation of those subject to the payment of the tax.”
The petitioner presents the question, in this wise: “Is the Comptroller of the City of Buffalo empowered to impose consumer’s utility tax upon Petitioner’s industrial use of gas, electricity and water under the Enabling Act which authorizes such a tax solely on domestic or commercial use? ”
The question here should be: Is the Comptroller of the City of Buffalo authorized to impose a consumer’s utility tax upon the petitioner’s industrial use of gas, electricity and water in accordance with the Enabling Act and the Local Law? The answer is: Yes.
The search for the Legislature’s intent starts with the words used and the manner in which they are used in the enactment under consideration. It is settled that the legislative intent to exempt any property from taxation can never be presumed, but must always be expressed in language so clear as to admit of no argument. (People ex rel. Delta Kappa Epsilon Soc. v. Lawler, 74 App. Div. 553, 557 [4th Dept.], affd. 179 N. Y. 535; Accord: People ex rel. Mizpah Lodge v. Burke, 228 N. Y. 245, 248.) Tax exemptions are limitations of sovereignty and are strictly construed. (People v. Brooklyn Garden Apts., 283 N. Y. 373, 380; see, also, Matter of Young v. Bragalini, 3 N Y 2d 602, 605-606.) Our State Legislature has all law-making powers inherent in sovereignty, except as limited by the State or Federal Constitutions expressly or impliedfy. (Trade Acces *589 sories v. Bellet, 184 Misc. 962, 965 [App. Term, 1st Dept.], appeal dismissed 295 N. Y. 763.)
Here, the legislative power is admitted, but the intention is questioned.
Upon careful scrutiny, the Enabling Act is clear. A tax is allowed on the “ consumption ” or “ use ” of “ any ” or all” of certain things. “ Consumption ” means: “ Act or process of consuming; waste; decay; destruction; also, the using up of anything, as food, heat, or time.” (Webster’s New International Dictionary [2d ed., Unabridged].) “ Use ” has many meanings, but the one clearly meant is: “ 7. To partake of; to eat or drink; to consume, as food ”. (Ibid.) Thus, “ consumption ” and “ use ” are interchangeable in this instance.
The words “ any ” and “ all ” are used to mean one, more than one, or all. “ Any ” means: “ 1. One indifferently out of a number * * * 2. One or all (or, as pi., some) indiscriminately of whatever quantity”. (Ibid.) “All” means: ‘ ‘ 1. The whole of * * * 2. The whole number or sum of ’ ’. (Ibid.)
These four words,'“ consumption ”, “use”, “any” and “all” refer to a series of things that are divided into three groups: (1) a group of nouns standing alone, (2) a group of adjectives modifying the phrase “ service of whatsoever nature for domestic or commercial use ” and (3) a group of adjectives modifying the phrase “ service of whatsoever nature ”.
The first group of nouns are unqualified and unlimited, except for ‘ ‘ water ’ ’ which is qualified and limited only to this extent — ‘ ‘ when delivered through mains or pipes ’ ’. In other words, in the first group of nouns, “ gas ”, “ electricity ” and “ water when delivered through mains or pipes ” are properly taxable even though the “consumption” or “use” thereof be industrial.
Here, the petitioner’s sole ground for exemption from tax is based upon its mcmufacturing, and industrial consumption or use of gas, electricity and water. The petitioner protests not that the water was or was not delivered through mains or pipes.
The second group of adjectives include “ gas, electric, water * * service of whatsoever nature for domestic or commercial use ” (emphasis supplied). In other words, the adjectives “ gas, electric, water ” modify the noun service-, and the phrase ’ ’ of whatsoever nature for domestic or commercial use qualifies and limits such type of service. The words domestic or commercial do not qualify or limit the nouns in the first group, except as they refer to such service.
*590 ‘ ‘ Service ’ ’ has many meanings, but here it means: “ 1. The occupation, condition, or status of a servant, now esp.' a domestic servant * * * 2. Performance of labor for the benefit of another, or at another’s command ” (Webster’s New International Dictionary, [2d ed., Unabridged]).
Here, the petitioner raises no issue involving “ service ” as used in the Enabling Act. Therefore, the words “ domestic ” and “commercial” do not apply to this petitioner’s case.
It is interesting, in passing, to note the meanings of the words “ manufacturing ”, “ industrial ”, “ domestic ”, and “commercial”. “Manufacturing” means: “1. Employed in manufacture. 2. Pertaining to manufacture ”. {Ibid.) “Manufacture” means: “2. The process or operation of making wares or any material products by hand, by machinery, or by other agency”. {Ibid.) “Industrial” means: “ 1. Having to do with industry * * * f. Produced by an organized
industry — applied to products.” {Ibid.) “ Domestic ” means: “2. Of or pertaining to the household or family; relating to one’s home or to home life ”. {Ibid.) “ Commercial ” means: “1. Of or pert, to commerce; mercantile; hence, variously: occupied with commerce; engaged in trade”. {Ibid.) Thus, it is clear that these words are not properly interchangeable; they have different meanings.
The Local Law contains similar words and phrases as have been considered in the Enabling Act. Therefore, the same meaning obtains in each.
The regulation (Local Regulation 9) issued by the respondent, when read together with the Enabling Act and Local Law, as it should be, does not violate any right of the petitioner in this case. Accordingly, the petitioner has no grievance.
Proceeding dismissed upon the merits, without costs. Prepare and submit order accordingly.