Harry G. Herman, S.
On October 20, 1964 this court upon payment of the filing fee filed a petition of the coexecutor of the last will and testament of this decedent. Said petition invoked the authority of the court under section 249-v of the Tax Law to designate an appraiser to fix the fair market value of the decedent’s property subject to the New York State estate tax. An order designating the appraiser was signed on October 22, 1964.
The attorney for the executors now submits his own affidavit requesting an order vacating the order of October 22, 1964 on *624 the grounds that under the new article 26 of the Tax Law when the estate exceeds $60,000 an appraiser is not required and that the petition was filed inadvertently. The attorney also requests that the filing fee previously paid be applied toward the fee to be paid when filing the notice of motion to fix tax.
The application, insofar as it seeks to vacate the appointment of an appraiser, is granted.
The fee for filing a petition commencing an estate tax proceeding in this court is fixed by subdivision 7 of section 29-c of the Surrogate’s Court Act, which was enacted by chapter 822 of the Laws of 1963, effective September 1, 1963.
The $50 fee was not paid for an order of the court designating an appraiser. The fee was paid to the Clerk of this court pursuant to the afore-mentioned statute for filing a petition, an act commencing a proceeding (Surrogate’s Ct. Act, § 48).
As the court stated in Matter of Hanson v. Griffiths (204 Misc. 736, 738, affid. 283 App. Div. 662), with regard to the former section 29-a of the Surrogate’s Court Act, the predecessor of the present section 29-c: “ The statute reflects an attempt to reimburse the county, at least in part, for the services rendered in the particular proceeding in relation to which a petition is filed.” (Emphasis added.)
Therefore, the question turns on whether the order vacating the order designating the appraiser will terminate a proceeding. If it does, the motion to fix tax will commence a new proceeding, and a fee will be payable to the Clerk of the court.
It is the view of this court that there is only one estate tax proceeding, the purpose of which is to determine the proper estate tax. The instant proceeding was commenced by the filing of the wrong petition. Filing an amended petition in support of a motion to fix tax will not commence a new proceeding but is all part of the same proceeding. Consequently, no new fee will be charged.