A. Franklin Mahoney, J.
In this CPLR article 78 proceeding petitioner seeks an order vacating and annulling a determination of the State Tax Commission that petitioner is not entitled to a refund of sales and use tax assessed pursuant to article 28 of the Tax Law.
Despite the fact that a hearing was held before the State Tax Commission and that body gave its decision, this matter is *1065 not transferable to the Appellate Division, Third Department. The issue of substantial evidence is not involved, the matter being presented as a pure question of law (CPLR 7804, subd [g]X
This article 78 proceeding is to review respondents’ determination that a use tax (Tax Law, § 1110) is payable on railway cars purchased outside the State and used by a New York corporation to transport beef cattle purchased in foreign markets to a slaughtering plant in Rochester, New York. The petitioner contends that the railway cars are an integral part of the processing of its livestock into saleable meat products and, accordingly, the purchase of the railway cars is exempt from the sales and use tax (Tax Law, § 1115, subd [a], par [12]). Petitioner likens and equates the railway cars with raw materials and contends that they merge into the end product, processed meat, and it is that product and not its ingredients that are subject to the tax. To do otherwise, plaintiff argues, that is to tax the raw materials, in this instance the cars, is double taxation which is anathema to the purpose and intent of the tax laws.
Respondents, in their opinion, state the view that "processing” consists of a transformation in form, which in the case of a meat packer is the slaughtering, cutting and packaging of the meat products. The interstate transportation of the livestock is not an integral part of that processing.
Sales and use tax exemptions, excusing from the tax personal property which is central to the manufacturing, production or processing of other personal property, or which becomes a component part of other personal property after such manufacturing, production or processing, have been given a strict construction against the taxpayer (People v Brooklyn Garden Apts., 283 NY 373). This is particularly so with regard to the use tax, which tax is generally regarded as being a complement of the sales tax in an overall scheme of taxation under which the ultimate consumer pays a similar tax on similar property, regardless of whether it was purchased within or without the State. With respect to machines or equipment used in handling, storing or transporting raw materials, attention must be given to the nexus extant between the end product and the machinery or equipment so as to ascertain if the bond or union between them is such that it can be said that the machinery or equipment is necessary and essential to production. In Matter of Niagara Mohawk Power *1066 Corp. v Wanamaker (286 App Div 446, 449), it was held that coal and ash handling equipment, the plant’s superstructure and foundations which supported and braced machinery and the building itself which housed all the requisite machinery used in generating electrical power, were exempt because all of such equipment was a harmonious part of an integrated system to produce electricity. However, in Niagara (supra) the court refused to exempt transformers, substations, towers, conductors and other equipment used in the transmission and distribution of electricity rather than in its production.
While the Niagara (supra) case suggests that the determination of whether the use is a taxable one largely depends upon the peculiarities of the taxpayer’s operations and, therefore, each case has to be individually assessed on its own fact pattern, it does appear that the tax will be imposed where the equipment sought to be exempt, in this instance railway cars, is but a means of transporting raw materials prior to the start of the manufacturing or processing operation. In the case at bar, it clearly appears that the railway cars perform no functional service in the course of processing livestock into saleable meat products. The process does not commence until the livestock arrives at the Rochester plant and the subject cars are neither consumed nor used in the production of the tangible personal property. The subject cars used to transport the animals from out of State to petitioner’s plant are a means, and not an exclusive one, of transportation having no intimate nexus with the processing operation and are, therefore, not exempt equipment (30 ALR2d 1449; Matter of Atlanta Gulf& Pacific Co. v Gerosa, 16 NY2d 1).
Respondents’ determination is affirmed and the petition is dismissed.