OPINION OF THE COURT
Arthur E. Blyn, S.
This accounting proceeding presents for settlement under one petition, accounts as follows: (1) the accounting of the preliminary executrix (petitioner is the fiduciary of the preliminary executrix, now deceased); (2) the accounting of the deceased fiduciary in her capacity as executrix; (3) the accounting of the successor executrix; (4) the accounting of the trustee. The three accountings relating to the affairs of the decedent’s estate involve sums in excess of $500,000 so that, pursuant to the provisions of SCPA 2402, $450 may be payable as a filing fee in each instance. The trustee’s account was less than $500,000 so that the sum of $225 is payable. The accounting parties do not dispute the propriety of the fee of $225 to cover the accounting of the trustee. It is their position, however, that there should be only one fee of $450 for the estate accounting, rather than three fees of $450 each. It is argued that the total sum of $675 is payable pursuant to the provisions of SCPA 2402. That statute at subdivision 4 provides as follows: "4. Accounting. Upon filing a petition to *22 commence a proceeding for an accounting the fee shall be as shown by the following schedule based on the gross value of assets accounted for including principal and income. Where more than one account is filed under a single petition the fee shall be based separately on the gross value of each separate fund or trust accounted for”. SCPA 2402 (subd 4) expressly states that if the same petition covers separate funds or trusts, the fee will be the aggregate of fees computed on the gross value of each separate fund or trust. (See 10E CoxArenson-Medina, NY Civ Prac, par 2402.05.)
In this estate there are three different funds accounted for. The deceased fiduciary acted in two capacities, for a time as preliminary executrix and later until her death as the executrix. While it is true that separate objections could be filed to each account, if there were a proceeding before the court in respect of these objections, surcharge could result to one party now deceased, one hearing would be held and one decree would probably be entered settling both accounts.
It is my ruling, therefore, that one fee should be paid for accounting of the deceased fiduciary in both capacities, as preliminary executrix and as executrix with full letters; that the successor executrix must pay a separate fee. There would be separate issues if objections were filed as to the successor executrix, a different fiduciary is involved, and clearly within the meaning of the statute this is a separate fund. Court fees generally reflect an attempt by the Legislature to reimburse the county at least in part for the services rendered in a particular proceeding in relation to which a petition is filed. Surely there is a greater burden upon the court by the filing of separate accounts in one proceeding for two petitioners acting in independent capacities as is the case here. For this reason, the imposition of two fees at $450 and one fee of $225 is justified. (Matter of Hanson v Griffiths, 204 Misc 736.)