OPINION OF THE COURT
Robert F. Doran, J.
Decedent died testate. He had a joint and mutual will with his wife, who survived him.
Paragraph second of the will leaves all property of every kind and nature to the surviving spouse. If both spouses died at the same time or upon the death of the survivor, the will sets forth certain specific devises of real property to the couple’s children.
The children timely filed disclaimers and renunciations of all their interest and benefit in the real property. The executrix, the surviving spouse, has now submitted a petition asking for her exoneration and discharge. The executrix has also submitted a release, receipt and waiver indicating that she acknowledges receipt of $9,314.12. The executrix contends this is the sole amount upon which a fee under SCPA 2402 can be imposed. The court disagrees.
The petition for discharge is a petition pursuant to SCPA 2203. Therefore, if the petition for discharge does not show any value of assets, the court must look to “the estate of the decedent as shown in the estate tax proceeding” (SCPA 2402, subd 6).
The estate tax return reveals that there was the aforementioned real property in the amount of $82,950. There was $9,314.12 in cash. Life insurance paid directly to the *969 executrix totaled $1,065.11. Finally, there was jointly owned property with a value of $135,696.05. The court concludes that the fee under SCPA 2402 must be imposed on the value of the life insurance and jointly held property, since the life insurance and jointly held property constitute part of “the estate of the decedent” within the meaning of SCPA 2402 (subd 6). (Matter of Hanson v Griffiths, 204 Misc 736, affd 283 App Div 662; see, also, Matter of Joslin v Regan, 63 AD2d 466, affd 48 NY2d 746.) Under Hanson and Joslin, “estate” means the gross value of all assets, both probate and nonprobate, as shown by the estate tax return.
The executrix takes the position that the real property passed by intestacy because of the renunciations and disclaimers and that the fee should therefore not be imposed on its value. However, the will leaves at least a life estate in the real property to the surviving spouse, and hence, the renunciations and disclaimers which may have enlarged her interest to a fee estate have no force and effect for fee purposes. Clearly, the life estate of the surviving spouse in the real property passed under the will and is part of “the estate of the decedent” within the meaning of SCPA 2402 (subd 6). This holding is mandated not only because the real property is a probate asset but also, and more importantly, because of the fact that the value of the real property is listed as part of the gross value of the estate in the estate tax return.
If the executrix wishes to have a decree discharging and exonerating her from liability, she must pay a fee of $150, since the total value of the gross estate as set forth in the estate tax return is $229,025.28 and the applicable fee schedule is the one in effect prior to April 1, 1980.