■ In the Matter of MARION CALABRESE et al., Respondents, v MALCOLM TOMLINSON, as Montgomery County Surrogate, et al., Appellants. — Appeal from a judgment of the Supreme Court at

Special Term (Walsh, Jr., J.), entered April 30, 1984 in Washington County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, and directed the Montgomery County Surrogate to, *inter alia,* accept objections to probate for filing.

Although this matter has been resolved in a manner which renders the issue originally raised moot, we elect to resolve the instant appeal on its merits. Since, in part, this case involves the guidelines contained in an Office of Court Administration handbook, it is likely to be a recurring issue and we deem it proper to address the merits (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 437).

When what was purported to be the last will and testament of decedent Clement Chorzelewski was offered for probate, seven potential distributees filed objections to its entry. The objections, all of which were contained in a single document, were forwarded to the Montgomery County Surrogate's Court for filing; however, filing fees were submitted for only two of the seven distributees. The objections were returned by the clerk of the court with the instruction that each individual objecting to the entry of a purported will into probate must pay a filing fee of $70. Thereafter, petitioners, two of the original objectants, commenced this CPLR article 78 proceeding to obtain a determination that payment of only one $70 fee was required on behalf of all seven objectants. Special Term granted the petition in all respects, and this appeal ensued.

The statutory authorization and schedule for fees to be charged in Surrogate's Court proceedings is set forth in the Surrogate's Court Procedure Act (SCPA 2402, subd 10, par [ii]). In reaching the conclusion that each objectant to probate must pay the statutory fee (currently $70), the Surrogate's Court Clerk relied on a provision contained in the April, 1983 edition of the Surrogate's Court Clerk's Manual published by the Office of Court Administration. That provision directed that "a full filing fee is charged for *each* objectant listed" (emphasis added). We disagree. The purpose of the Surrogate's Court filing fee requirements is to help defray the cost of particular proceedings (*Matter of Joslin v Regan,* 63 AD2d 466, 470, affd 48 NY2d 746; *Matter of von Borsig,* 92 Misc 2d 21, 22). Where, as here, all objectants are raising the same issues, the Surrogate's Court would be required to hear the same evidence and pass on the same issues whether there was one objectant or seven. There exists no reason, absent specific statutory requirement (see, e.g., SCPA 502, subd 3), why each of the seven objectants should be required to pay a separate fee (cf. *Matter of von Borsig, supra*).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.