CITY OF BUFFALO, Respondent, *v.* ARTHUR E. STEVENSON,
Appellant.

Municipal corporations — Buffalo (city of) — validity of ordi-
nance requiring payment of a fee for a permit to open the pave-
ment of a street — validity of provision thereof imposing penalty
for making an opening without a permit.

1. The grant of power in a city charter to regulate the use of the
streets implies the power to impose all such reasonable conditions,
in relation to their use, as will tend to the accomplishment of the
municipal duty to provide for the general welfare and safety of the
community, in that respect.

2. A provision in the charter of the city of Buffalo (L. 1891,
ch. 105, § 17, subd. 9) giving to the common council authority to
enact ordinances "to regulate the use of the streets and to declare
in what manner and for what purposes they shall not be used" is
sufficient to authorize an ordinance requiring the payment to the
city of a fee for a permit to open the pavement of a street, and the
imposition of a penalty for making an opening without a permit.
The fee thus charged is not to be regarded as in the nature of a
tax, but as a means of regulating the use of the streets under the
police power granted by the state, and the ordinance is a valid
exercise of power under the charter.

3. Where an appeal has been taken from an order granting a new
trial and the appellant has failed to file a stipulation that, upon
affirmance, judgment absolute shall be rendered against him the
appeal will be dismissed, although the question is not raised by
counsel.

*City of Buffalo* v. *Stevenson*, 145 App. Div. 117, appeal dismissed.

(Argued December 17, 1912; decided January 21, 1913.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered May 3, 1911, which affirmed an
order of Special Term reversing a judgment of the
Municipal Court of the city of Buffalo in favor of defend-
ant and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry W. Willis* and *Thomas E. Boyd* for appellant. Plaintiff did not establish that it had authority to enact the ordinance requiring the payment of a five-dollar fee. (*Dunham* v. *City of Rochester*, 5 Cow. 462; 1 Dillon on Mun. Corp. 423, 429; 2 Dillon on Mun. Corp. [4th ed.] 940, § 763; *St. Mary's School* v. *Brown*, 45 Md. 310; *Vansant* v. *Harlem Stage Co.*, 59 Md. 330; *Comm.* v. *Stodder*, 2 Cush. [Mass.] 562; *May* v. *Cincinnati*, 1 Ohio St. 268; *St. Paul* v. *Traeger*, 25 Minn. 248; *People* v. *Justices*, 12 Hun, 65; *State* v. *Hoboken*, 33 N. J. L. 280; *People* v. *Jarvis*, 19 App. Div. 466.) The five-dollar fee exacted by the ordinance is, in fact, a tax and not a license, and, therefore, unlawful. (*Matter of Wan Yin*, 22 Fed. Rep. 701; *People* v. *Jarvis*, 19 App. Div. 466; *City* v. *Stevenson*, 145 App. Div. 117; *City* v. *Hughes*, 24 Kan. 211; *City of New York* v. *Hexamer*, 59 App. Div. 4.) The ordinance is unconstitutional and void. (*Mayor, etc.*, v. *S. A. R. R. Co.*, 32 N. Y. 261; *State* v. *Hoboken*, 33 N. J. L. 280.)

*Clark H. Hammond, Corporation Counsel (Frank C. Westphal* of counsel), for respondent. Plaintiff was not compelled to prove it had authority to enact the ordinance in question. (*Warner* v. *Beers*, 23 Wend. 103; *Grundling* v. *Chicago*, 177 U. S. 183; *Standard Oil Co.* v. *Comm.*, 82 S. W. Rep. 1020; *Jencks* v. *Smith*, 1 N. Y. 90; *Duffy* v. *Thompson*, 4 E. D. Smith, 178.) The five-dollar fee charged in the ordinance is not a tax, but a mere license fee, and is lawful. (*Fort Smith* v. *Ayers*, 43 Ark. 82; *Russellville* v. *White*, 41 Ark. 485; *People* v. *Jarvis*, 19 App. Div. 466; *City of Philadelphia* v. *Postal Tel. Co.*, 67 Hun, 21; *Edgewater* v. *Scott*, 29 Penn. Super. Ct. 156; *French* v. *Jones*, 191 Mass. 523; *W. U. Tel. Co.* v. *Philadelphia*, 72 Wkly. Notes Cas.

39; *Allentown* v. *W. U. Tel. Co.*, 148 Penn. St. 117; *City of Chester* v. *P., R. & P. Tel. Co.*, 148 Penn. St. 120.)

Gray, J. The city brought this action to recover a penalty of ten dollars for the violation by the defendant of an ordinance, which forbade the opening of a street, or alley, without the permission of the board of public works. In the Municipal Court of Buffalo, where the action was commenced, judgment was ordered for the defendant; but, on appeal, the Supreme Court, at Special Term and at the Appellate Division, reversed the judgment and ordered a new trial. Leave was given to appeal to this court and the question of importance for our consideration relates to the validity of subdivision 2 of section 30 of chapter IV of the city's ordinances. It reads as follows: "Before any permit for the opening of a pavement shall be granted by the bureau of engineering of the department of public works, the applicant shall pay to the city treasurer a fee of five dollars for each and every such opening between the intersecting street lines in any block. The amount of such fees to be credited to the fund — Repairs of Streets — Bureau of Engineering, Department of Public Works, by the comptroller, June 30th, each year." Section 30, also, provides that "Any person who shall open any street or alley, for the purposes mentioned in this section, without the permission of the board of public works, or who shall fail to comply with any of the provisions of this section, shall forfeit and pay a penalty of $10 for each and every offense." The defendant pleaded the unconstitutionality of the ordinance and that defense was held to be good in the opinion of the Municipal Court. The argument is that the charter of the city does not confer power to enact such an ordinance, either expressly, or impliedly, and that the exaction of a fee for a permit is, in fact, a tax for revenue, not authorized by law.

It was, of course, necessary to a valid exercise of the

municipal power, in the enactment of this ordinance, that authority for it should be found in the charter; the organic act by which the municipality was brought into being as a corporation and endowed with corporate powers. What powers were not expressly conferred therein are, only, to be implied when, necessarily, incidental, or essential, to the exercise of those granted and to the due accomplishment of those objects of the municipal corporation, which are declared in its charter. By that instrument, (see charter L. 1891, ch. 105, title II, § 17, sub. 9), authority was granted to the common council to enact ordinances "to regulate the use of the streets and to declare in what manner and for what purposes they shall not be used." Section 30 was enacted under such authority and granted "permission to the owner, or occupant, of any lot to open a street, or alley, in front of said lot for the purpose of laying gas, sewer, or water pipes from the main pipe, or sewer, in said street, or alley, to the line of said lot, or for the purpose of repairing such pipe, or sewer." It was, further, therein provided that such work was to be completed within such time as the chief engineer should direct and that the opening in the street should be restored in as good condition as it was before made. Also, the board of public works might cause such work to be done under its direction and at the expense of the owner, or occupant. In connection with these provisions, subdivision 2 was enacted and the defendant was proceeded against for having disregarded its command. He had opened the pavement of an alleyway to reach the sewer and, though the title to the street was not in the city, there can be no question as to its being a public way and one of the streets, the use of which was to be regulated under the provisions of the charter.

I think that the grant of power to regulate the use of the streets implied the power to do all such things, or to impose all such reasonable conditions, in relation to their

use, as would tend to the accomplishment of the municipal duty to provide for the general welfare and safety of the community, in that respect. There is no general right in the citizens to make openings in streets and it must be evident that it would be impolitic to concede it. It is a right, which should be restricted by the municipal government in its exercise. The city may be made liable for the negligent manner in which persons use a street, or sidewalk, and, hence, is justified in imposing conditions for its own protection. To an effective control and regulation of the use of the streets, there are essential a clerical force and agents; in order to issue permits, to keep the records and for the work of inspection and supervision. To indemnify the city against attendant and extraordinary expenditures, the charge of a fee for issuing the permit is not an unreasonable condition to impose upon the applicant. There is no evidence that a fee of $5 is an unreasonable charge and, the court below not having so considered it, its reasonableness will be assumed. The question is, rather, of the authority to make any charge at all. But, as I have just suggested, the expense entailed upon the city for clerical labor and for extra police care should be borne by the persons, for whose advantage and profit it is occasioned, rather than that it should be imposed upon the taxpayers. Such was the view taken in the case of *Springfield Water Company* v. *Burgess, etc., of Darby,* (199 Pa. St. 400); where the Pennsylvania court held a fee of $3 to be neither illegal nor excessive.

Nor is the fee charged to be regarded as in the nature of a tax; that is to say, a burden imposed for the support of the government. It was imposed as a means of regulation and not of raising revenue. The ordinance requires the payment to the city of $5 by the applicant for a permit to open the pavement and that the amount of the fees shall " be credited to the fund — Repairs of Streets — Bureau of Engineering, Department of Public

Works." I think that this indicates the purpose of the charge, as one to meet the expenses, necessarily, or possibly, attendant upon the granting of the permission to open the street pavement. The moneys are reserved in a particular fund, set apart for the repairs of streets and not intended for the expense of conducting the municipal government. The power to regulate the use of the streets is a delegation of the police power of the state government and whatever reasonably tends to make regulation effective is a proper exercise of that power. It justifies the charge of a fee and the imposition of the penalty, and the regulative measure is not invalidated because, incidentally, the city's receipts of moneys are increased. The distinction between the taxing power and the police power will be found in the purpose for which the particular power is exercised. When exercised, as here, with relation to "the use of the streets,". through the ordinance in question, it would be by a strained interpretation that a fiscal, or revenue, measure could be read into it. The distinction was adverted to in the Pennsylvania case of *Springfield Water Co.* v. *Burgess,* (*ubi supra*). In the case of *Mayor, etc., of N. Y.* v. *Second Ave. R. R. Co.* (32 N. Y. 261, 274), the ordinance imposed a license fee of $50 upon every railroad car running in the city of New York, payable annually into the city treasury. The court pointed out that, although called a license in the ordinance, it was neither that, nor a police regulation, but was an annual tax upon the defendant for doing that which it was positively required to do. The "primary, and indeed, only purpose," it was said, " is to take from the company, under coercion of the penalty which it imposes, the sum of fifty dollars, annually, for each car run upon the road for the benefit of the city." It was plain, in that case, that the ordinance was to fill the city treasury from the annual payments; while here it is, equally, plain that the purpose was to make provision, through a special fund, for the protection of the city against the expense, actually

and incidentally, entailed upon it in the required control and supervision of cases of street openings.

I reach the conclusion that this ordinance was validly enacted in the exercise of a police power, implied in the express grant of the power to regulate the use of the city streets.

Since writing this opinion, I have discovered that the appellant did not stipulate that, upon affirmance, judgment absolute should be rendered against him, as required by the Constitution of the state and the Code of Civil Procedure. The objection was not taken upon the argument, or in the briefs, and, thus, it was not called to our attention. We allow the opinion upon the important question presented to stand; but the appeal must be dismissed, with costs.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Appeal dismissed.