Orest V. Maresca, J.
Plaintiff has instituted this action to recover $50 exacted from him by the City of New York on February 6, 1971. On that day, a Saturday, at about 6:30 p.m. he parked his automobile leaving it unattended, on the west side of York Avenue between 59th and 60th Streets in Manhattan. He then visited with friends at their York Avenue apartment, and on returning within the hour, learned the police had removed his automobile to the pound. Arriving at the pound he saw his automobile had been “ ticketed” for parking in a “ restricted area ”. Under protest he paid $50 as a condition for release of his automobile.
Plaintiff claims that before parking his automobile, he made every reasonable effort to find permitted parking space. In his search, he saw at various locations the familiar “ Tow-Away Zone” signs, and carefully avoided parking in those zones. Ultimately he yielded to necessity (there was a garage strike in progress then throughout the city) and parked in a restricted • parking area. As there was no “ Tow-Away Zone ” sign in this area, he quite logically concluded that while he would thus violate the parking restriction, his automobile was not subject to being removed to the pound.
Plaintiff’s contention is that as there was no “Tow-Away Zone ” sign where he parked, the removal of his automobile and the demand for $50 for its release, violated both our statutes and constitutional requirement for due process.
This action is pending in the Small Claims Division of our court, and while every effort should be made to do “ substantial justice ’ ’, the court is required to make its determination “according to the rules of substantive law” (CCA, § 1804).
The applicable statutes, ordinances, orders, rules and regulations are sections 1204; 1640; 1683 of the Vehicle and Traffic *191 Law; New York City Charter, §§ 434; 435; Police Department Temporary Operating Procedures Nos. 20 and 139.
Section 1640 (subd. [a], par. 6) of the Vehicle and Traffic Law authorizes the city by local law, ordinance, order, rule or regulation, to ‘ ‘ Prohibit, restrict or limit the stopping, standing or parking of vehicles.”
Section 1683 of the Vehicle and Traffic Law provides that as to parking, no ordinance, order, rule or regulation shall be effective until signs are posted giving notice of the restriction, but as to New York City, such notice is necessary only to the extent that the city in its discretion may deem practicable. It is conceded here, however, that there was a no-parking sign where plaintiff parked.
Sections 434 and 435 of the New York City Charter empower the Police Commissioner to indorse all laws, rules and regulations relating to traffic control.
Section 1204 (subd. [b], par. 1; subd. [c]) of the Vehicle and Traffic Law provides that as relates to New York City, the Police Department on finding an automobile unattended at a place where the automobile constitutes an obstruction to traffic or where parking is prohibited ■ — may remove the automobile to a pound and require the owner of the automobile to pay the removal cost before the automobile is released.
Plaintiff contends that there is no statutory or other authority to remove his automobile as the parking of his automobile did not constitute an obstruction. However, the statute authorizes removal of unattended parked automobiles, in alternative circumstances— that is, if the parking constitutes an obstruction or if the parking is in a prohibited parking area (Vehicle and Traffic Law, § 1204).
The Police Department Temporary Operating Procedures Nos. 20 and 409 authorize removal of automobiles from restricted parking areas not in “ metered ” spaces, seven days a week from 8 a.m. to 12 midnight, and require payment of a $50 reclamation fee as a condition for return of the automobile.
Plaintiff also contends that there is requirement for posting of a “ Tow-Away Zone ’ ’ or similar sign, as a condition for removing the automobile to the pound, and that in the absence of such signs the removal of his automobile and the $50 demanded as a condition for its release, violated his right to due process. Neither the statute, nor the ordinance, order or regulation requires any such posting.
While the traffic violation, with which plaintiff was charged is not a ‘ ‘ crime ’ ’, and to some extent innocuous, all traffic con *192 trol statutes, ordinances, orders and regulations, to be enforceable, must be constitutionally valid (Railway Express Agency v. New York, 336 U. S. 106) and the circumstance that plaintiff pleaded guilty to the violation, does not bear on constitutional validity.
Plaintiff’s contentions are rested on assertions (1) that the statute as applied to him is unreasonable; (2) that his automobile was removed before there was judicial determination of illegal parking; and (3) that there is no provision for return of the $50 where there is no finding of guilt.
The statute authorizing removal of an automobile which is illegally parked, is reasonable, and this court ‘1 does not sit to weigh evidence of the due process issue in order to determine whether the regulation is sound or appropriate, nor is it our function to pass judgment on its wisdom. We would be trespassing on one of the most intensely local and specialized of all municipal problems if we held that this regulation had no relation to the traffic problem of New York City. It is the judgment of the local authorities that it does have such a relation. And nothing has been advanced which shows that to be palpably false (Railway Express Agency v. New York, 336 U. S. 106, supra).
There was here indeed a seizure of plaintiff’s automobile without initial judicial determination, but due process does not require initial judicial determination, if there are means for later judicial determination. To require initial judicial determination of the owner’s guilt, as a condition for removal of his automobile, which appears to have been illegally parked, would destroy and frustrate any traffic control.
Contentions rested on assertions similar to those here asserted by plaintiff, were also asserted and determined adversely to the claimants there, in at least two out-of-State cases. In 1931 the City of New Orleans, La. and in 1946 the City of Phoenix, Ariz. adopted ordinances which in practical effect duplicate our statute and regulations, and the ordinances were held constitutionally valid (Hughes v. City of Phoenix, 64 Ariz. 331; Steiner v. City of New Orleans, 173 La. 275).
While the statute (Vehicle and Traffic Law, § 1204) does not expressly require return of the exacted reclaimer fee, where there is no finding of guilt — the statute must be so read, for it is axiomatic that absent a finding of guilt, there may not be an exaction or punishment of any kind.
This court judicially notices that New York City is a traffic jungle. Traffic congestion is another factor contributing to the difficulty in living and working in New York. The efforts of the *193 city administration to remedy this desperate situation and thereby improve the quality of life in our city must be encouraged in the absence of a violation of a substantial right of our citizens.
Here plaintiff knew that his conduct in parking his car constituted a breach of the parking regulations. He argues that the failure of the city to post a warning that his car was subject to being towed away deprives the city of the right to tow away his car. This especially since such tow-away warnings were posted on nearby streets. Plaintiff’s contention amounts to a claim of entrapment or estoppel against the city. Neither of these defenses can be permitted to stand. The failure of the city to post warnings as to the consequences of breaking a law is not such proscribed conduct constituting entrapment as contemplated by section 40.05 of the Penal Law. There is no entrapment ‘ ‘ where the criminal act is voluntarily committed by a person who is ready and willing to commit an offense ” (People v. Pulliam, 28 A D 2d 786, 787).
It may be said that to assume a motorist knows the details of all the statutes, ordinances, orders or regulations relating to traffic control is to deal with fiction rather than reality, and it may be fairly assumed that because of the absence of a “ Tow-Away Zone ’ ’ sign, plaintiff did not anticipate removal of his automobile and he was lulled into a sense of security.
May the doctrine of equitable estoppel be invoked against the City of New York? Was there a violation of the principles of honesty and fair play which would amount to fraud and injustice? Without pursuing the extent to which the doctrine of equitable estoppel may be invoked against a governmental body, in the opinion of this court the posting of tow-away warnings on some streets of the tow-away zone and not in others is not such conduct as estops the city from asserting its rights to enforce the no parking statutes, in the absence of a statutory requirement that such signs be posted.
Our police officers, always and still ‘1 the finest ’ ’, do everything possible to promote and maintain the good relations with our people, so necessary in our times. It would seem that except as to moving violations and to other extents absolutely necessary, our police officers should be relieved of traffic enforcement duties. It is certain that our police officers do not relish assignment to such trivial and prosaic duties, but would rather devote their time to the preferred and dedicated service of preventing crime and apprehending perpetrators of crime, despite inherent risk.
*194 Finally, it seems advisable that motorists be warned by appropriate signs, either suspended or stencilled on streets, that parking in particular areas is likely to result in removal of their automobiles. Our local authorities, who are specifically authorized by statute to provide such warning signs, should do so.
While this court sympathizes with plaintiff’s feelings, the court is constrained to render judgment dismissing the complaint.