Hon. John M. Reed Town Attorney
This is in response to your letter inquiring whether or not your town could provide in its ordinances that any applicant seeking a special use permit, subdivision approval or a zoning variance will be required to pay the reasonable costs for the town to hire its own independent surveyor and/or engineer or expert in order to obtain an opinion from them with regard to any questions that might arise that needed expert advice concerning such application.
Town Law, § 261, states that the town board, for the purpose of promoting the health, safety, morals or the general welfare of the community, is "empowered by ordinance to regulate and restrict the height, number of stories and size of buildings and other structures * * *." Further, the town board is authorized to make such appropriation as it may see fit for such charges and expenses incurred for zoning and planning, provided that "such appropriation shall be the estimated charges and expenses less fees, if any, collected * * *." (Emphasis supplied.)
While the Town Law does not specifically authorize the collection of fees to pay for zoning and planning expenses, the Court of Appeals has held that it may be allowed under an implied limited delegation of power to the local government to enact ordinances necessary to carry out the legislative plan (Synagogue v Roslyn Harbor, 40 N.Y.2d 158, 163; citingVillage of Carthage v Frederick, 122 N.Y. 268; City of Buffalo vStevenson, 207 N.Y. 258). The Court emphasized that because the power to enact fees was implied, "* * * the limitation that the fees charged must be reasonably necessary to the accomplishment of the statutory command must also be implied." (Synagogue v Roslyn Harbor, supra, p 163.) The Court then stated that the "* * * yardstick by which the reasonableness of the charges made to an applicant in an individual case may be evaluated is the experience of the local government in cases of the same type" (supra, p 163).
The fees should be based on the average costs incurred by the town for the particular category or classification involved. Where there is no past experience, reasonable estimates of potential expenses may be used in determining the fee to be charged. However, legal costs and similar expenses which are not fairly uniform and predictable or merely for the convenience of the town board may not be an acceptable charge to the applicant (Synagogue v Roslyn Harbor, supra). We feel that surveying and/or engineering or similar expert costs, on the other hand, may be reasonably estimated and included in the fee charged an applicant.
Accordingly, it is our opinion that a town may provide in its ordinances that any applicant seeking a special use permit, subdivision approval or zoning variance will be required to pay a fee which among other things includes the reasonable and necessary costs for the town to hire its own independent surveyor and/or engineer or similar expert.