Hon. George Fesko Chairman, Pro Tem New York State Soil and Water Conservation Committee
This is in response to the request of W.F. Croney, Executive Secretary for the Committee, for an opinion on the following questions pertaining to the authority of soil and water conservation districts:
 1. Can a district refuse services to a landowner who wishes to use contractors inadequately covered by liability insurance, in contravention of district policy?
 2. With respect to a district project, can the district bar the use of contractors inadequately covered by liability insurance in situations where Federal Department of Agriculture employees involved in the project wish to use such contractors?
 3. With respect to a Federal Department of Agriculture Conservation and Stabilization Service project which is to be carried out by a landowner enrolled in the district program, in which project the district is not participating, can the district insist on use of only contractors who have adequate liability insurance coverage?
 1.
The Soil and Water Conservation Districts Law authorizes conservation districts to furnish financial or other aid to landowners or occupiers of land within the district under written agreements, which agreements may be made "subject to such conditions as the directors [of the district] may deem necessary to advance the purposes" of the law (§ 9 [3]).
In view of this express authority to require conditions in aid agreements, it is clear that a district can condition its granting of aid upon landowner agreement to use only contractors adequately covered by liability insurance, provided, of course, that such a condition complies with the directive of subdivision 3 of section 9 that such a condition "advances[s] the purposes" of the law.
In this regard, it is noted that a district is subject to suit for its wrongful acts committed in the execution of its projects (§ 9 [9]). It seems clear that a district requirement that contractors have adequate liability insurance advances the purposes of the Soil and Water Conservation Districts Law. This is so because district funds that would otherwise be usefully expended on conservation projects might have to be used in paying part of a judgment that was not satisfied because the contractor did not carry adequate insurance.
Further, while the law does not expressly empower the district to require that contractors have adequate liability insurance, it is well established that, having the express power to condition its aid, the district has the implied power to impose all reasonable conditions — which, in our opinion, include adequate insurance — tending to accomplish the legislative plan. Synagogue v Roslyn Harbor,40 N.Y.2d 158, 163 (1976); City of Buffalo v Stevenson, 207 N.Y. 258, 262
(1913).
 2.
As noted in Mr. Croney's letter, districts obtain technical assistance from United States Department of Agriculture ("USDA") technicians in planning and carrying out district projects. The terms upon which such assistance is obtained — and thus the authority, if any, of United States Department of Agriculture employees to retain contractors not covered by adequate liability insurance, in contravention of district policy — are set forth in a "Memorandum of Understanding" with the USDA and a "Supplemental Memorandum of Understanding" with the Soil Conservation Service of the USDA.
The Memorandum of Understanding provides that, in cases where a district project involves USDA assistance, the district will enter into the agreement with the landowner fixing the responsibilities of the parties (¶ "B [3]"), but the form of the agreement is "to be acceptable to" the USDA (id.). The same document provides that USDA assistance will be furnished in accordance with USDA's applicable authorities and policies (¶ "C [1]"). The "Supplemental Memorandum of Understanding" provides that the district is responsible for determining the recipients of its services (¶ "B [1]").
Under these memoranda of understanding, the district is the agency designated to enter into agreements with landowners. Under its authority to condition a district project upon landowner agreement to use only contractors covered by adequate liability insurance, the district may bar an inadequately insured contractor notwithstanding the desires of USDA employees involved in the district project. However, it must also be noted that, since the form of the agreement must "be acceptable to" the USDA (Memo of Understanding, ¶ "B [3]") and USDA aid is to be furnished in accordance with its authorities and policies (id., ¶ "C [1]"), the USDA may, depending upon the specific situation involved, refuse to participate in the district project.
 3.
With respect to a Federal Department of Agriculture Conservation and Stabliization Service project which is to be carried out by a landowner enrolled in the district program, in which project the district is not participating, there appears to be no basis upon which the district can insist on use of only contractors who have adequate liability insurance coverage. The Soil and Water Conservation Districts Law contains no provision limiting the right of an enroller in the district program to participate in a USDA project. Further, as a non-party to a USDA project, the district obviously could not prescribe the terms for that project. In any event, there is no overriding reason for the district to require adequate insurance since, not being a party to the project, the district would not be liable on any tort judgment recovered against an underinsured contractor.