John M. Sipos, Esq. County Attorney, Seneca County
In a telephone conversation elaborating on your request for an opinion you have asked whether a county may prohibit the importation into the county of solid waste originating outside the county.
Counties have power to adopt and amend local laws consistent with the Constitution and general State laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, § 10 [1] [ii] [a] [12]). This is the grant of the police power to counties (see People v Cook,34 N.Y.2d 100, 105-106 [1974]). Except in the case of a transfer of functions to another level of government under the County Charter Law (Municipal Home Rule Law, Article 4), a county may not adopt local laws that impair the powers of another local government or public corporation (id., § 10 [5]). In exercising its police power under the Municipal Home Rule Law, a county must exclude from the application of the local law any towns, villages or cities that have enacted local laws on the same subject (cf. County of Sullivan v Filippo, 64 Misc.2d 533, 553 [Sup Ct, Sullivan Co, 1970]).
The validity of a town ordinance prohibiting the dumping within the town of garbage originating outside the town has been upheld as a valid exercise of the police power (Wiggins v Town of Somers, 4 N.Y.2d 215
[1958]). Garbage is a deleterious substance and garbage dumps have many harmful effects (id., at p 221). A town may exercise its police power to limit quantity by banning outside waste and thereby reduce the potentially harmful effects of garbage deposited in the town (ibid.).
In two recent cases the Court of Appeals has evaluated ordinances imposing bans on the importation of garbage generated outside the municipality against challenges under the commerce clause of the United States Constitution (Art 1, § 8, cl 3; Monroe-Livingston SanitaryLandfill v Town of Caledonia, 51 N.Y.2d 679 [1980]; Dutchess SanitationService v Town of Plattekill, 51 N.Y.2d 670 [1980]). The Town of Caledonia ordinance was upheld since it was not aimed at interstate refuse and since there was no indication that the plaintiff, a landfill operator in the town, received any refuse from outside the State (id., at p 684). Nor was there any indication that the ordinance affected other Caledonia business concerns that dealt in interstate refuse or that the plaintiff had contracted for, reasonably anticipated, or intended to accept interstate refuse (ibid.).
Dutchess Sanitation Services v Town of Plattekill, supra, involved a commerce clause challenge to an ordinance similar to the one upheld in the Caledonia case. One key fact distinguishes Plattekill fromCaledonia. In Plattekill, the plaintiff established that out-of-state refuse-carting firms were desirous of patronizing its landfill (id., at p 673). For this reason the Court of Appeals found that the town ordinance affected interstate commerce and stated that where a State — or local regulation — indirectly imposes a burden on commerce, it will be subject to constitutional scrutiny and will not be upheld unless its impact is reasonable when weighed against an important State interest that cannot be realized through less burdensome means (id., at p 676). The Court concluded that the goal of protecting community health might have been adequately achieved through health inspections or through non-discriminatory, across-the-board limitation on the quantity, type or state of waste to be deposited or excluded (id., at p 677). Because garbage was regulated only on the basis of point of origin without any other reason to treat out-of-town garbage differently from local garbage, the Court concluded that in actual operation, the ordinance violated the principle of non-discrimination imposed by the commerce clause (ibid.).
You also ask whether a county may regulate private landfills. In exercising its police power, a county by local law may regulate occupations or businesses located outside of any villages, towns or cities that are at the time regulating the particular occupation or business in question (Municipal Home Rule Law, § 10[1][ii][a][12]). The regulations adopted must be consistent with applicable provisions of the Environmental Conservation Law and rules and regulations thereunder (Environmental Conservation Law, § 27-0711). Local enactments that meet at least the minimum requirements of the law, rules or regulations are deemed consistent (ibid.).
Finally, you ask whether a county may levy a tax against refuse imported into the county. The State Constitution reserves all taxing powers to the State and provides that any delegation of the taxing power must specify the types of taxes and provide the method for their review (NY Constitution, Art XVI, § 1; Matter of U.S. Steel Corp. v Gerosa,7 N.Y.2d 454, 459 [1960]; Mobil Oil Corp. v Huntington, 85 Misc.2d 800,805-806 [Sup Ct, Special Term, Suffolk Co, 1975]). Municipalities have no inherent power of taxation and any delegation of taxing power must be by express terms by a proper enabling act of the State Legislature (ibid.).
We conclude that a county by local law may exercise its police power to prohibit the importation of out-of-county solid waste or to regulate private landfills. Such a local law may not impair the powers of other local governments. A ban on importation of solid waste may not discriminate against interstate commerce in violation of the commerce clause of the United States Constitution. Municipalities may not impose a tax unless expressly authorized by act of the State Legislature.