J. Philip Zand, Esq. Village Attorney, New Paltz
Your have asked whether a village planning board may assess a developer for inspection, engineering and legal costs incurred by the board in the course of its determination of an application for approval of a subdivision plan.
Village planning boards are authorized to employ experts, clerks and a secretary and pay for their services out of an appropriation made by the board of trustees for the planning board (Village Law, § 7-720). A local government, as part of its regulatory authority, may impose fees for the payment of the expenses of a regulatory program (City of Buffalo v Stevenson, 207 N.Y. 258 [1913]). We believe that a village by local law may establish a procedure whereby a developer is charged for the planning board's costs in reviewing an application for approval of a subdivision plan.
We believe that a local law authorizing such a chargeback procedure would be consistent with section 7-720, so long as funds received by the village from developers are appropriated by the village board of trustees for planning board purposes (id., § 5-520). Such a local law would add only the additional requirement that developers pay for planning board expenses.
In any event, a determination of consistency is not necessary since a village by local law is authorized to amend or supersede any provision of the Village Law relating to its property, affairs or government or to other matters in relation to which it is authorized to adopt local laws, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][e][3]). (In other contexts local laws must be consistent with general State laws (id., §§ 2(5), 10(1)(i) and (ii)].) In construing a similar provision for towns (id.,
§ 10[1][ii][d][3]), the Appellate Division decided that towns are authorized to adopt zoning regulations by local law under the Municipal Home Rule Law, and therefore may amend or supersede zoning provisions in the Town Law (Matter of Sherman v Frazier, 84 A.D.2d 401 [2d Dept, 1982]). The court cites Municipal Home Rule Law, § 10(1)(ii)(a)(14), which authorizes towns, villages, cities and counties to adopt local laws to exercise the powers granted to them in the Statute of Local Governments (Matter of Sherman v Frazier, supra, at 409). The court concludes that since the Statute of Local Governments, § 10(6) grants to towns (also villages and cities) the power to adopt, amend and repeal zoning regulations, it follows that a town board may adopt zoning regulations by local law under the Municipal Home Rule Law (ibid.).*
We believe that since villages and towns are covered by substantially the same statutory provisions, it follows that a village may also adopt zoning regulations by local law, including a reimbursement provision. We conclude that a Village by local law may amend section 7-720 of the Village Law to establish a procedure whereby developers are charged for the planning board's costs in reviewing an application for approval of a subdivision plan.
We believe that the amount of the fees charged should amount to what is reasonably necessary to review the subdivision plan (see Jewish Recon.,Etc. v Inc. Vill. of Roslyn Harbor, 40 N.Y.2d 158, 163 [1976]). If possible fee schedules should be developed, reflecting the average costs of subdivision review for various classes of applications (ibid.). It is significant that property rights are in issue.
 "Without the safeguard of a requirement that fees bear a relation to average costs, a board would be free to incur, in the individual case, not only necessary costs but also any which it, in its untrammeled discretion, might think desirable or convenient, no matter how oppressive or discouraging they might in fact be for applicants." (ibid.).
You have cited 1959 Op Atty Gen [Inf] 152, which concluded that in the absence of statutory authority, a village could not impose fees on developers for the payment of certain planning board expenses. Since this opinion predated the adoption of a new Article IX of the State Constitution in 1963 and the subsequent enactment of the Municipal Home Rule and the Statute of Local Governments, which provided a broad grant of local law power to local governments, the 1959 opinion is no longer applicable.
We conclude that villages by local law may adopt zoning regulations that amend or supersede "general" provisions of the Village Law. Villages may utilize this authority to charge developers for costs incurred by a planning board in reviewing subdivision plans. The charges must, however, be reasonable.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* There is no discussion of whether zoning regulations may be enacted under Municipal Home Rule Law, § 10(1)(ii)(a)(12), the grant of the police power to local governments.