George A. O'Hanlon, Esq. Village Attorney, Port Chester
You have referred to our informal opinion No. 81-87, which concluded that under certain circumstances a boot or locking device may be utilized to immobilize a vehicle in violation of local parking regulations. Your questions are whether a twenty-five dollar fee may be charged for removal of the boot; how the fee is to be allocated in the local budget; and whether the fee must be returned if the defendant is acquitted of the traffic infraction.
In Informal Opinion No. 81-87, we cited the authority of villages under the Vehicle and Traffic Law to regulate stopping, standing or parking of vehicles; to remove and store unattended vehicles under certain circumstances; and to establish other reasonable standards regarding traffic as local conditions may require (§ 1640[6], [14] and [16]). We noted that there is little difference in effect between the use of a boot and impoundment of a vehicle and concluded that use of a boot may be authorized by regulations under the cited provisions of the Vehicle and Traffic Law or by local law in the exercise of the delegation of police power to local governments (Municipal Home Rule Law, §10[1][ii][a][12]).
We believe there is ample authority for the fixing of a fee to assess the costs of securing and removal of the boot. Local governments by local law may authorize the "fixing, levy, collection and administration of local government rentals, charges, rates or fees, penalties and rates of interest thereon" (id., § 10[1][ii][a][9-a]). Further, we believe that since the boot may be authorized under the grant of local "police power" (id., § 10[1][ii][a][12]), it follows that under the same authority a local government may assess the cost of regulation (City ofBuffalo v Stevenson, 207 N.Y. 258, 263 [1913]). In our opinion the assessment of a fee is consistent with the broad authorization of section1640 of the Vehicle and Traffic Law to regulate parking. We note that villages are authorized to provide for the payment by the owner or operator of certain vehicles of reasonable charges for the removal and storage of the vehicle (Vehicle and Traffic Law, §§1204 and 1604[14]).
We believe that a fee representing the reasonable costs of attaching and removing the boot and of other aspects of the regulatory program is imposed as a means of regulation and not of raising revenue, and therefore is not a tax (City of Buffalo v Stevenson, supra, pp 262-263). The power to levy and collect taxes must be delegated by the Legislature in express terms (Mobil Oil Corp. v Town of Huntington, 85 Misc.2d 800,805-807 [Sup Ct, Special Term, 1975]). The fact that the fees collected are credited to the fund utilized for the regulatory program is some indication that the fees are part of a regulatory program and are not for general revenue raising, thereby constituting a tax (City of Buffalo vStevenson, supra, pp 262-263).
In Informal Opinion No. 81-87 we expressed our belief that a local regulation authorizing impoundment or use of a boot should permit the owner to reclaim his vehicle upon the posting of a bond as security for appearance at the hearing and for payment of any fines and charges (see,Remm v Landrieu, 418 F. Supp. 542 [ED La, 1976]). Upon a finding that there is no violation of a traffic regulation, there can be no charge for the expenses of the boot (see, Cohen v City of New York, 69 Misc.2d 189,192 [Civil Court of the City of New York, 1972]).
We conclude that a village may fix a fee to assess the reasonable cost of attaching and removing a boot used as part of a local traffic regulatory program. The fees should be credited to the part of the budget funding the cost of the regulatory program. If the defendent is found not guilty of the underlying traffice infraction, no fees may be exacted for the costs associated with the attachment and removal of the boot.