Mark G. Gebo, Esq. Town Attorney, Southeast
Your town charges fees for applications to the planning board for approval of site plans and subdivisions. You inquire whether the town should refund any of this fee in the event that the applicant withdraws his application.
A local government, as part of its regulatory authority, may impose fees for the payment of the expenses of a regulatory program (City of Buffalov Stevenson, 207 N.Y. 258 [1913]; Town Law, § 272). (See our informal opinion No. 82-48, which concludes that a village may establish a procedure whereby a developer is charged for the planning board's costs in reviewing an application for approval of a subdivision plan.) The amount of the fees charged by the planning board should reflect what is reasonably necessary to undertake the regulatory review (Jewish Recon.,Etc. v Inc. Village of Roslyn Harbor, 40 N.Y.2d 158, 163 [1976]; Op Atty Gen [Inf] 82-48).
It is thus clear that the function of a regulatory fee is to enable a local government to recoup the costs of the regulatory program. We believe it necessarily follows that a policy of absolutely denying refunds to any applicant withdrawing an application prior to its disposition would be arbitrary and unwarranted. However, in our opinion, some fee may be required simply to cover the costs of filing an application, which could be made non-refundable. Additionally, where fees for review of an application are fixed and based upon average costs, the withdrawal of an application after some administrative review may not necessitate a refund. In such a case the charge for the various categories of applications may reflect the average, taking into consideration both the costs of extensive review and of minimal review such as in a case where an application is withdrawn during the review process. However, under such a charge-back system where an application is withdrawn immediately and prior to any review, some refund would be required. In a case where charges are based on actual expenses, the charge assessed an applicant withdrawing his application should reflect actual expenses incurred in accepting and reviewing that application. In sum, the right to a refund may depend upon the method used to determine charges. It may be desirable for the town to develop a procedure for dealing with refunds to ensure the fair and equal treatment of similarly situated applicants.
We conclude that a town charging fees for applications to the planning board for approval of site plans and subdivisions, under some circumstances must refund a portion of the fee in the event that the applicant withdraws his application.