Charles H. Clark, Esq. Village Attorney, Canajoharie
You have requested our opinion as to who has responsibility for the payment of charges for the towing or impounding of a vehicle in violation of local parking regulations. Second, you inquire whether a village is required to defend and indemnify a police officer sued for wrongful detention of a vehicle, in the absence of village regulations authorizing such defense and indemnification.
Villages are authorized to enact parking regulations (Vehicle and Traffic Law, § 1640[6]). These regulations may provide for the removal and storage of vehicles parked or abandoned on highways during snow storms, floods, fires or other public emergencies, or found unattended where they constitute an obstruction to traffic or if parked where stopping, standing or parking is prohibited (id., § 1640[14]). They may provide for payment by the owner or operator of the vehicle of reasonable charges for removal and storage of the automobile (ibid.; § 1204[2] [c]). Generally, local governments are authorized to assess reasonable charges covering the cost of regulations exercised under the police power (Cityof Buffalo v Stevenson, 207 N.Y. 258, 263 [1913]).
Turning now to your second question, it is well established that the public owes no duty to defend or even aid in the defense of a lawsuit against an officer or employee of a local government charged with misconduct (Corning v Laurel Hollow, 48 N.Y.2d 348, 353 [1979]). One of the risks traditionally associated with the assumption of public office is that of defending one's self against charges of misconduct at one's own expense (ibid.). Any payment by a municipality, without proper enabling legislation, of the legal fees of an officer personally sued, would violate the constitutional prohibition against gifts of public funds to assist a purely private purpose (ibid.). A municipality may, however, enact regulations empowering it to defend officials who may be charged with violating the law in the performance of their duties (id., p 354). By the same reasoning, a municipality may not indemnify its officials for liability resulting from misconduct in the course of their employment without authorizing legislation. In the absence of such enabling legislation, however, such an expenditure of funds would be unlawful. We refer you to section 18 of the Public Officers Law, which establishes a procedure whereby municipalities may provide for the defense and indemnification of their officers and employees in relation to any act or omission occurring while the employee is acting within the scope of his public employment or duties.
We conclude that a village, as part of its parking regulations, may require that the owner or operator of a vehicle pay towing or impoundment charges. A village may not defend and indemnify an officer personally sued for acts or omissions committed during the course of his public duties unless it has enacted legislation authorizing such defense and indemnification.