James G. Sweeney, Esq. Town Attorney, Monroe
You have asked whether a town is authorized to condition subdivision development upon the contribution by the developer of funds for the costs of additional fire equipment, which is needed as a result of the proposed development. You are concerned whether there is authority for such a requirement and, if so, whether the contribution requirement would constitute a tax, which must be specifically authorized by the State Legislature.
Section 277 of the Town Law grants extensive powers to the planning board to regulate subdivisions to ensure the orderly development of the town. Specifically, through the process of subdivision approval, the planning board may ensure that streets are sufficiently wide and of adequate grade; that proposed parks are of adequate size; that the land is suitable for the construction and that street signs, sidewalks, street lighting, water mains and sanitary sewers are all in accordance with town standards (ibid.). Notably, this delegation of authority does not authorize the planning board to require a contribution by the developer toward the costs of needed fire protection.
Section 263 of the Town Law states the purposes to be served by zoning regulations, and includes regulations designed "to secure safety from fire" (id., § 263). In Golden v Planning Bd. of Ramapo,30 N.Y.2d 359 (1972), the Court of Appeals evaluated a town plan to provide a program of orderly growth through a sequential development policy timed with the availability and capacity of public facilities (id., p 369). The town zoning regulations prohibited subdivision approval except where the developer secured a special permit (id., p 364). To acquire a special permit, the developer was required to accumulate a certain number of points granted upon the basis of the provision of designated public facilities or services (id., p 368). Included among the listed facilities were firehouses (ibid.). The town had developed a master plan whereby it would provide these public facilities to serve future community needs. The Court of Appeals found the authority for the town's regulations within the parameters of the zoning article of the Town Law.
Thus, the provision of adequate firefighting facilities is a purpose for which zoning regulations can be enacted (Town Law, § 263; Golden,supra). While the Court of Appeals in Golden found authority for the town's regulations within the four corners of the zoning article of the Town Law, we believe a town can remove any doubt by specifically authorizing the proposed subdivision regulation through the amendment of section 277 by local law.
Towns are authorized to amend or supersede any provision of the Town Law relating to its property, affairs or government or to other matters in relation to which it is authorized to adopt local laws, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][d][3]). In construing this provision, the Appellate Division decided that towns are authorized to adopt zoning regulations by local law under the Municipal Home Rule Law and, therefore, may amend or supersede zoning provisions in the Town Law (Matter of Sherman v Frazier, 84 A.D.2d 401 [2d Dept, 1982]). The court cited Municipal Home Rule Law, § 10(1)(ii)(a)(14), which authorizes towns to adopt local laws in exercising the powers granted to them by the Statute of Local Governments (Matter of Sherman, 84 A.D.2d at 409). The court concluded that because section 10(6) of the Statute of Local Governments grants to towns the power to adopt, amend and repeal zoning regulations, it follows that a town may enact zoning regulations by local law under the Municipal Home Rule Law (ibid.).
Thus, a town board is authorized to amend section 277 of the Town Law by local law to authorize the planning board to condition subdivision approval upon a developer's contribution toward the costs of needed fire protection equipment and facilities. Zoning regulations are an exercise of the police power, which must be used reasonably (French Inv. v City ofNew York, 39 N.Y.2d 587, 595-596 [1976], app dsmd 429 U.S. 990 [1976]). A zoning regulation is unreasonable under traditional police power and due process analysis if it encroaches on the exercise of private property rights without substantial relation to a legitimate governmental purpose (ibid.). A legitimate governmental purpose is one which furthers the public health, safety, morals or general welfare (ibid.). In our view, the provision of adequate firefighting facilities and services is a regulation that would further the public safety, health and general welfare (Town Law, § 263; Golden v Planning Bd. of Ramapo, supra). Like any other zoning regulation, such a requirement must be established in accordance with a comprehensive plan (Town Law, § 263).
Having found that authority exists for the enactment of proposed regulations, next we consider whether the contribution requirement constitutes a tax or a fee. It is well settled that the taxing power is vested in the State Legislature under section 1 of Article XVI of the State Constitution. The Legislature may delegate the power to tax to local governments (NY Const, Art XVI, § 1; Sonmax, Inc. v City of NewYork, 43 N.Y.2d 253, 257 [1977]; Matter of U.S. Steel v Gerosa,7 N.Y.2d 454 [1960]).
In our view, the required contribution by a developer is a fee, not a tax. In Jenad, Inc. v Village of Scarsdale, 18 N.Y.2d 78 [1966]), the Court of Appeals considered whether the requirement by a village planning board that a developer contribute to a trust fund for parks constituted a tax or a fee. The Court decided that the requirement was in the same category as other zoning regulations required for reasonable village planning and thus constituted a fee (id., pp 84-85). The charge was not a tax imposed on the land but constituted a fee imposed on the transaction of obtaining approval of the proposed subdivision (ibid.). Similarly, it follows that the requirement of a contribution for needed firefighting services and facilities would also constitute a fee. Obviously, it is necessary that the money collected actually be set aside and utilized for the designated purpose, firefighting facilities and equipment needed as a result of the development.
We conclude that a town is authorized to require as a condition of subdivision approval, that a developer contribute toward the costs of needed firefighting services and facilities. Such a charge constitutes a fee, not a tax.