Requestor: John B. Nesbitt, Esq., Town Attorney Town of Macedon P.O. Box 226 Newark, New York 14513
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town by local law may establish an excavation/reclamation tipping fee to be imposed on each ton of material excavated or removed by industries in the town. Your concern is that this fee might be viewed as an unauthorized tax.
Local governments, including towns, are authorized to adopt local laws, consistent with the Constitution and general State laws relating to the "fixing, levy, collection and administration of local government rentals, charges, rates or fees." Municipal Home Rule Law §10(1)(ii)(a)(9-a).
A local government, as part of a regulatory program, may impose fees to pay the expense of the regulation. City of Buffalo v Stevenson, 207 N.Y. 258
(1913). The amount of the fees charged must approximate that which is reasonably necessary to undertake the regulatory program. Jewish Recon.etc. v Inc. Village of Roslyn Harbor, 40 N.Y.2d 158, 163 (1976). If the fees charged far exceed the cost of the regulatory program, they may be found to constitute a tax. City of Buffalo v Stevenson, supra; 1986 Op Atty Gen (Inf) 56. Local governments may not tax without a specific delegation of taxing power by the State Legislature. NY Const, Art XVI, § 1. The levy and administration of local taxes must be authorized by the Legislature. Municipal Home Rule Law § 10(1)(ii)(a)(9).
If the collected funds are being used for purposes other than recoupment of regulatory expenses, the charge imposed may actually be a tax, which would be outside the town's authority. The distinction between fees and taxes is well established in New York and is based on the purpose for which the particular charge is made. City of Buffalo v Stevenson,207 N.Y. 258 (1913). In Stevenson, the City of Buffalo imposed a charge of $10 for unauthorized construction involving digging through the pavement of city streets. The city ordinance required a permit for such construction. Collected funds were set aside and put into a general fund to be used for maintenance and repairs of streets throughout the city. The Court found that the charge was a fee, and not a tax, because the purpose of the charge was to regulate the streets, a purpose which was within the city's police power. Id., 207 N Y at 263. Although the effect of the fee was to raise money for the city, the court found this to be an incidental result of the regulation and not its purpose. Id.; see, also,Matter of Hanson v Griffiths, 204 Misc. 736 (1953), affd, 283 App. Div. 662
(1954) (charge is sustainable as a fee where it is imposed on a person to defray or help to defray the cost of a particular service rendered for his account).
Thus, a town is authorized to enact a local law establishing an excavation/reclamation tipping fee. The amount of the fee, however, must be reasonably related to the cost of the regulatory program. For example, an excavation/reclamation tipping fee providing sufficient funds to the town in order to inspect and otherwise ensure that excavated land is returned to a satisfactory condition would, in our view, constitute an authorized regulatory fee. On the other hand, an excavation/reclamation tipping fee collected by the town and becoming a part of the general fund to be utilized for general town governmental purposes unrelated to the reclamation of land would constitute a tax. Such a tax would have to be specifically authorized by the State Legislature.
We conclude that a town by local law may enact an excavation/reclamation tipping fee provided that the fee is reasonably related to the cost of the regulatory program.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.