Requestor: David J. Gilmartin, Esq., Village Attorney Village of Southampton 23 Main Street Southampton, New York 11968-4899
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village may impose a tax on rentals paid for property within the village.
A local government, as part of its regulatory authority, may impose fees for the payment of the expenses of a regulatory program. City of Buffalov Stevenson, 207 N.Y. 258 (1913). (See, Informal Opinion No. 82-48, which concludes that a village may establish a procedure whereby a developer is charged for the planning board's costs in reviewing an application for approval of a subdivision plan.) The amount of the fees charged should reflect what is reasonably necessary to undertake the regulatory review.Jewish Recon., Etc. v Inc. Village of Roslyn Harbor, 40 N.Y.2d 158, 163
(1976); Informal Opinion No. 82-48; Informal Opinion No. 83-18.
If the collected funds are being used for purposes other than recoupment of regulatory expenses, the charge imposed may actually be a tax, which would be outside the municipality's authority. The distinction between fees and taxes is well established in New York and is based on the purpose for which the particular charge is made. City of Buffalo vStevenson, 207 N.Y. 258 (1913). In Stevenson, the City of Buffalo imposed a charge of $10 for unauthorized construction which required digging through the pavement of city streets. Collected funds were set aside and put into a general fund to be used for maintenance and repairs of streets throughout the city. The Court found that the charge was a fee, and not a tax, because the purpose of the charge was to regulate the streets, a purpose which was within the city's police power. City of Buffalo vStevenson, supra, 207 N.Y. at 263. Although the effect of the fee was to raise money for the city, the Court found this to be an incidental result of the regulation, and not its purpose. Id.; see also, Matter of Hanson vGriffiths, 204 Misc. 736, affd, 283 A.D. 662 (1953) (charge is sustainable as a fee where it is imposed on a person to defray or help to defray the cost of a particular service rendered for his account).
It is well settled that the taxing power is vested in the Legislature under section 1 of Article XVI of the State Constitution. The Legislature may delegate the power to tax to local governments. N.Y. Const, Art XVI, § 1; Sonmax, Inc. v City of New York, 43 N.Y.2d 253, 257 (1977);Matter of U.S. Steel v Gerosa, 7 N.Y.2d 454 (1960). Local governments may not tax without a specific delegation of taxing power by the State Legislature. N.Y. Const, Art XVI, § 1.
We conclude that a local government may not impose a tax without a specific delegation of taxing power by the State Legislature.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.