Richard M. Harris, Esq. Informal Opinion No. 99-43 Assistant Town Attorney Town of Smithtown P. O. Box 575 Smithtown, N Y 11787
Dear Mr. Harris:
You have asked whether a town may enact a local law regulating the excavation and reclamation of land and imposing a fee on applicants to fund the regulatory program. You have described the elements of the program as follows.
The local law would require review of plans and inspection of sites where excavation or reclamation of land is proposed. Prior to use, fill material would be inspected and tested by the town's engineering department. Ongoing projects would be supervised to ensure compliance with town regulations. Stop-work orders and summonses could be issued to enforce the town's regulations. The local law would impose fees on persons subject to the regulations to fund the costs of regulation and enforcement.
The proposed regulatory program is authorized. Local governments may enact local laws to promote the health, safety and well-being of persons and property within their boundaries. See Municipal Home Rule Law §10(1)(ii)(a)(12). This is a broad grant of police power to local governments. New York State Club Association, Inc. v. City ofNew York, 69 N.Y.2d 211 (1987); People v. Cook, 34 N.Y.2d 100,105 (1974). Local governments may enact local laws establishing rentals, charges, rates or fees for town property and programs. Id., § 10(1) (ii)(a)(9-a).
The proposed regulations are an exercise of police power to protect real property and the environment. Establishment of fees payable by applicants to fund the program also is authorized. Therefore, the proposed local law falls within the town's grant of home rule power.
As we concluded in Op Atty Gen (Inf) No. 91-52, a local government may impose a fee to pay the expense of a regulatory program. See City ofBuffalo v. Stevenson, 207 N.Y. 258 (1913). The authority to impose fees, however, is not unlimited. The amount charged must approximate the cost of the program. Jewish Recon. Etc. v. Inc. Village of Roslyn Harbor,40 N.Y.2d 158, 163 (1976). A fee far exceeding the cost of a regulatory program or that is used for purposes unrelated to a program as a general revenue-raising device is an unlawful tax. City of Buffalo v. Stevenson,supra. It is well established that a local government may not impose a tax without a specific delegation of taxing power by the State Legislature. See N Y Const, Art XVI, § 1; Municipal Home Rule Law § 10(1)(ii)(a)(9).
Therefore, your town may regulate the excavation and reclamation of land and establish fees that are reasonably related to the cost of the regulatory program.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions